### JAMES CULLEN *vs.* ROBERT SEARS.

When a commissioner, to whom a petition to establish the truth of exceptions has been referred, is in doubt whether, upon the facts found by him, the petitioner is entitled to have them allowed, he should report the facts and submit the questions of law arising thereon to the court.

When a commissioner, to whom a petition to establish the truth of exceptions has been referred, submits questions of law arising upon the facts found by him to the court, such questions are ordinarily to be argued in connection with the exceptions, if any, as proved.

A party, who petitions to establish the truth of exceptions which have been disallowed, is not entitled to an exception which is found to be substantially different from the exception presented for allowance, but he is entitled to be heard upon those of the exceptions the truth of which is established.

A party presented a bill of exceptions for allowance, in which he stated that he asked for certain instructions (set forth in the bill) upon the weight to be given to an auditor's report, and added, "but the court declined to instruct the jury upon this point." The exceptions having been disallowed, it appeared, upon a petition to establish their truth, that full instructions had been given upon the point. *Held*, that the truth of this exception was not substantially established, and that the question of the validity of the instructions given was not open to him.

A plaintiff may recover under a count upon an account annexed, for work done and materials furnished in building a house under a special contract which he has substantially performed, and the measure of damages is the contract price, deducting the diminution in value of the house to the defendant, caused by deviations from the contract.

CONTRACT upon an account annexed, containing as its first item : " To amount of contract price for house as per contract annexed, $700 ; " and giving as a credit: " Credit by cash paid, $600." The contract referred to was a written agreement of the defendant to pay the plaintiff $700 for building a house according to certain specifications therein set forth.

The answer denied each and every allegation of the plaintiff's declaration, and alleged that the cause of action arose under a contract, and that " the defendant did not perform the contract, but failed to perform it in many respects, and did not do the work in a proper and workmanlike manner, nor furnish such materials as he agreed, nor complete the work at the time agreed, and it cost the plaintiff a large sum to supply the deficiencies of the plaintiff."

The case was referred in the Superior Court to the clerk of the court as an auditor, the material parts of whose report were as follows :

Cullen *v.* Sears.

"It is conceded that the sum of $600 of such contract price has been paid, and the plaintiff claims that he has fulfilled the contract and is entitled to recover the balance of the contract price, viz.: the sum of $100. The auditor finds that there should be allowed and deducted from such contract price the sum of twenty-five dollars for departure from the contract in some particulars, viz.: in the thickness and quality of floor on the first story; sheathing of kitchen; finishing of pantry, hatchway door and doorstep; and for omitting to put in an inside door as called for by the contract; and that in all other respects the contract was substantially performed by the plaintiff, who should recover therefor the sum of $75. At the opening of the plaintiff's case before the auditor, the defendant objected that the plaintiff could not recover the amount claimed in the first item of the account annexed in this form of action, and the counsel for the defendant relied upon this objection in the argument of the case."

After trial and verdict for the plaintiff in the Superior Court, before *Wilkinson*, J., the defendant filed a bill of exceptions, stating the nature of the pleadings and auditor's report, and the residue of which was as follows:

" At the trial the defendant objected to the acceptance of the auditor's report, on the ground that it appeared by it that the plaintiff had not performed the contract set out in the declaration. But the court overruled the objection and accepted the report.

" The defendant further objected to the admission of the auditor's report in evidence, for the reason that it reported in favor of the plaintiff upon a contract which it found had not been performed; and also to that part of the report which allowed the plaintiff to recover any part of the contract price, upon a contract which had not been performed. But the court overruled the objections and admitted the report.

" The plaintiff's counsel asked all the witnesses, who testified on the trial to the jury, if they testified before the auditor, and they testified that they did; and in the argument to the jury he claimed that the hearing before the auditor being the same as the trial here, and upon the same evidence, that the jury ought not

to overrule the finding of the auditor because of his character and reputation ; that the jury could not say their judgment was better than his. The defendant's counsel asked the court to instruct the jury that they were not to consider whether there is any difference between the testimony at the hearing of this case before the auditor and that introduced here, or whether the auditor's judgment or conclusions upon the evidence introduced before him were good or bad, but that they were to try the case upon the evidence introduced before them, without regard to what took place before him. But the court declined to instruct the jury upon this point.

" The defendant also asked the court to rule that the plaintiff could not recover any part of the contract price for building the house, unless he satisfied the jury that he had fully performed the contract. But the court declined so to rule, and ruled that the plaintiff could recover for the value of the services rendered.

" The plaintiff rested his case upon the auditor's report; and the defendant asked the court to rule that there was a material variance between the evidence offered and the declaration as to the contract set out and the work done under it. But the court declined so to rule.

" The jury returned a verdict for the plaintiff. The defendant being aggrieved by the rulings of the court and refusals to rule, excepts thereto, and prays that his exceptions may be allowed."

The presiding judge disallowed the bill of exceptions as not being in conformity with the truth.

The defendant filed a petition in this court to establish the truth of his exceptions, and the court appointed a commissioner to hear the parties and to report his findings. The commissioner, after having heard the parties, made his report, the material parts of which were as follows :

" The first and second exceptions, those taken to the acceptance of the auditor's report and its admissibility as evidence, it was conceded by the plaintiff's counsel were correctly stated in the petition and bill of exceptions, and I find that these two exceptions were truly taken. As to the other requests for instructions, it appeared that the plaintiff offered in evidence the audi-

tor's report, which, against the objection of the defendant, was accepted and admitted, and then rested. The plaintiff's counsel asked all the witnesses of the defendant, who testified in the trial to the jury, if they testified before the auditor, and they testified that they did, and after they testified the plaintiff's counsel called witnesses in reply. The plaintiff claimed and offered evidence tending to show that he had built the house substantially in ac cordance with the contract as the plaintiff understood it; and it was conceded at the trial that the defendant went into the occu- pancy of the house, and had paid $600 towards the contract price; and the main dispute was about the departure from the contract in certain particulars, mentioned in the auditor's report.

" The defendant objected that if there was a departure from the contract in the particulars above mentioned, the plaintiff could not recover anything in the first item of the account an- nexed. But the court ruled otherwise.

" There was no claim or suggestion on the defendant's part that there was any intentional violation of the contract, or that the work was not done in good faith in the intended perform- ance of the contract.

" The defendant's counsel, in arguing to the jury, claimed that an auditor's report ' did not amount to much,' and referred to an alleged dictum of a judge of the Superior Court to that effect, and argued that the jury ought not to allow the judgment of a single man to control their own judgment; the law entitled every man to a trial by jury.

" The plaintiff's counsel in reply argued that this case, which it appeared occupied three days before the auditor, was one peculiarly suited to the functions of an auditor, that the judg- ment of the auditor was justly entitled to great respect, not only from the well known high character of the auditor, but from the fact that the law regarded him for the time being as an officer of the court, and a part of the court, and that when the law attached so much importance to the auditor's report as to make it a *primâ facie* case that is conclusive until impeached, a jury ought not lightly to disregard it; that to do so would nullify the purpose of the law, in providing such an officer. During his remarks the

plaintiff's counsel referred to the auditor in this case individually, who was then in his seat as clerk of the court, in such manner as would call the attention of the jury to him personally, with commendation of him as peculiarly qualified to be auditor in the case. No objection was made, during the argument of plaintiff's counsel, to his remarks concerning the auditor or his report, nor to the claim of the plaintiff's counsel in his argument, that the evidence before the auditor was the same as before the jury. The plaintiff's counsel was not notified, or in any way made aware, that the defendant intended to ask any instructions, in relation to his remarks upon the auditor's report, or in relation to the auditor or the evidence before him.

" The presiding judge also gave to the jury the following instruction in regard to the auditor's report.

"'It was probably quite evident, when the case came up on a former occasion, that it could be more satisfactorily determined by being submitted to an auditor who could at his leisure more carefully examine the several items and evidence relative to those items, and in that view of the case it was referred to an auditor to hear the parties, and any evidence and arguments which they might see fit to introduce, and report to the court. Ordinarily, the parties themselves select the auditor, or if they do not, the court appoints one. Whether the parties in this case chose the auditor, or whether he was appointed by the court, does not perhaps appear, nor is it material. The auditor, when appointed, is an officer of the court, charged with the performance of a duty with reference to the matter under consideration, and stands in the same relation to the court as any other officer of the court who has a duty to perform with reference to a case — the same as the jury, or in any other way. When the auditor makes his report, that establishes the case for the party in whose favor it is found, unless impeached by the other side. It is not final, unless it remains unimpeached; if it is not impeached, then it is a final disposition of the case. If that report is submitted to the jury, it is to have controlling effect, unless wrong in some particular, when it is the office of the jury to correct it. Otherwise it would be a mere farce to refer a case to an auditor; therefore when an

auditor's report comes in, the court treat it as something within their control, and if the parties or either of them desire to have it rejected, the court will not allow it to be done, because it is done to facilitate business, and it will direct the jury to consider it. But if either or both of the parties can show that in any particular it is wrong, the jury will correct it. And the jury will also bear in mind that though this is the finding of a single man, and it may be said the opinion of twelve men is better than the opinion of one, yet the force of the opinion depends upon the question whether they have a duty enjoined upon them, whether they are doing something in an official relation; if they are, and the law has submitted that question to them, their finding is good, though differing from the finding of every other man; if a jury should return a verdict and twenty-five by-standers might revise and make a more correct decision, yet the finding of twelve men concludes the whole world unless the court sets the verdict aside, and that is not to be done unless some good and legal ground is shown to have it rejected. If a mistake has been made by the jury, it may be set aside, otherwise not; and though the judgment of whole world be against them, it would make no difference upon the effect of the verdict and its binding force upon the parties.

" 'The case then comes up where the finding of the auditor is not exactly in accordance with the claims of the respective parties in the case; he does not find so much as the plaintiff claims in his writ, and finds a larger amount than the defendant thinks should be found. It becomes, then, necessary for you to look at the auditor's report and say whether it is incorrect in those particulars suggested. The plaintiff in the outset put in no other evidence, and therefore he, upon the auditor's report, had no right to claim anything except what the auditor allowed him, and if the case had gone no further, he would have been satisfied. The defendant has undertaken to satisfy you that in several particulars the auditor's report is incorrect. You will look upon the whole evidence and say whether it is so. Your attention has been called very elaborately upon the one side and the other to those particulars, and it is not for me

to go over them. They are questions of fact, and you are sole judges of questions of fact. If you find that the auditor's report was incorrect in any of these particulars suggested on the part of the defendant, then deduct them. If there is no defect, then his report will stand for those articles rejected on the part of the defendant. It is competent, however, when the case is all before you, though the plaintiff was satisfied with the auditor's report, if you are satisfied that the auditor has omitted something which ought to have been allowed, you may add to it. But not unless the plaintiff has shown you that the auditor was incorrect in the claim which the plaintiff made. If he has, then it is competent for you to add to the claim in the auditor's report. Look then, gentlemen, at all the evidence, and take the auditor's report with the influence that it ought to have, and then say whether the plaintiff ought to recover the amount in the auditor's report, or increased or reduced.'

" After the judge's charge and before the jury retired, the defendant's counsel handed to the presiding judge a written request for instructions, as follows : ' The defendant asks the court to rule that the plaintiff cannot recover any part of the contract price for building the house unless he satisfies you he has fully performed the contract : That there is a material variance between the evidence of the plaintiff and the declaration, as to the contract set out and the work done : That the jury are not to consider whether there is any difference between the testimony at the hearing of this case before the auditor and that introduced here, or whether the auditor's judgment or conclusion upon the evidence introduced before him is good or bad ; but that they are to try the case upon the evidence introduced before them, without regard to what took place before him.' This request the judge returned with his refusal to give the instructions, and the plaintiff was not notified and did not know that the request was made or refused.

" The plaintiff claimed before me that as to all the exceptions set forth in the petition and bill, except the first and second, the defendant was not entitled to have them allowed, because no objection was made to his argument at the time it was made, and

he had no notice or knowledge of the written requests for instruc-
tions. Subject to this objection, I find that the other exceptions,
set forth in the petition and bill, as well as the first and second,
were truly taken."

The defendant made the following motion : " Now the petitioner
moves that said petition and the commissioner's report thereon be
recommitted to said commissioner for a revision of said report,
that the same may be made to conform to the order of said court,
and for the following reasons :

" 1. The commissioner has reported upon matters not embraced .
in the petition.

" 2. He has not found, except in a qualified manner, whether
one of the exceptions alleged by said petitioner was or was not
taken by said petitioner."

*D. W. Bond,* for the defendant, argued that the petition having
been referred by the court to a commissioner for his decision, he
should have reported simply whether the truth of the exceptions
alleged was or was not established, and should have decided all
questions of law and fact involved in the issue.

GRAY, C. J. This motion is founded upon a misconception of
the duties of the court and of the commissioner upon a petition
to establish the truth of exceptions. Such a petition seeks to
control the official certificate of a single justice of the Superior
Court or of this court, and is within the exclusive jurisdiction of
the full court, before which the exceptions, when allowed or
proved, should be heard, and which alone has appellate powers in
matters of law ruled by a single justice of either court. *Priest* v.
*Groton,* 103 Mass. 530. From the inconvenience of trying con-
tested questions of fact before the full court, the practice has
been adopted of referring the petition, if seasonably filed and in
due form, to a commissioner, in the first instance, to hear the par-
ties and report to the court the facts bearing upon the question
whether the exceptions were rightly or wrongly disallowed. But
the court does not assume thereby to delegate to a commissioner
the duty of deciding whether the truth of the exceptions alleged,
or of any part of them, is legally established. Where the com
missioner is in doubt whether, upon the facts proved before him

the petitioner is entitled to the benefit of his exceptions, the proper course is for him to report the facts and submit the questions of law arising thereon to the court, as he has done in this case.

The question what exceptions are to be deemed in truth established so often requires a careful examination of the bill of exceptions as presented to the judge below, and as reported by the commissioner, that it is ordinarily most conveniently argued in connection with the argument upon the exceptions as proved, and, no special reason being shown for a different course, it may be so argued in this case.          *Motion overruled.*

The case was argued accordingly by

*D. W. Bond*, for the defendant.

*C. Delano*, for the plaintiff, was not called upon.

GRAY, C. J.   It is only where the exceptions taken by a party to rulings made at the trial, and presented by him in writing to the presiding judge, are conformable to the truth, that the statute makes it the duty of the judge to allow and sign them; and if the judge refuses or fails so to do, the truth of the exceptions presented must be established in order to entitle the party to have the rulings revised by this court.   He has no right to the judgment of this court upon exceptions substantially different from those which he presented to the judge who presided at the trial.   Gen. Sts. *c.* 115, §§ 7, 11.   *Bottum* v. *Fogle*, 105 Mass. 42.   When a party alleges several exceptions on different points, some of which he fails to prove, he may waive those, and argue such of the exceptions as he succeeds in establishing.   *Commonwealth* v. *Marshall*, 15 Gray, 202.   But he has no right to the benefit of any exception, which he does not prove the truth of substantially as it was originally presented.

The bill of exceptions presented in this case, (after stating the defendant's requests for instructions to the jury as to the proper influence of any difference between the evidence introduced before them and that introduced before the auditor, and of his conclusions upon the evidence introduced before him,) asserts that the court declined to instruct the jury on this point, and does not

state any instructions given to the jury as to the effect of the auditor's report. The report of the commissioner shows that the presiding judge gave full instructions to the jury as to the weight to be given to an auditor's report, and directed them to take the auditor's report, "with the influence it ought to have." The truth of the exception as presented upon this part of the case cannot therefore be deemed to be established. The question whether the defendant was aggrieved by the refusal to give the instructions requested is quite a different one, having regard to the instructions given, from what it would have been in the absence of further instructions. We may add that it does not appear to us that the proceedings and instructions at the trial, as stated in the commissioner's report, would afford the defendant any just ground of exception on this point. But as they have not been duly brought before us, we have no occasion to discuss them further.

The only other exception, though stated in various forms, is that the proof did not support the declaration. But it is well settled in this Commonwealth that under the common counts in *indebitatus assumpsit* at common law, or under a count on an account annexed under the new practice act, the plaintiff may recover either money due under a special contract which has been fully performed, or the value to the defendant of work done and materials furnished under it; and that when, under such a count he seeks to recover payment for building a house according to a special contract, and proves that he has substantially performed it, except in some comparatively slight deviations, the measure o damages is the contract price, deducting what the house wa worth less to the defendant by reason of such deviations. *Hayward* v. *Leonard*, 7 Pick. 181. *Morse* v. *Potter*, 4 Gray, 292. *Walker* v. *Orange*, 16 Gray, 193. *Cardell* v. *Bridge*, 9 Allen, 355. *Powell* v. *Howard*, 109 Mass. 192.

*Exceptions overruled.*