## BERNARD CROW *vs.* LEWIS STOWE.

Upon a petition to establish the truth of an exception taken by the plaintiff in an action for the breach of a warranty of kindness upon the sale of a horse, it appeared from the exception presented, that the jury were instructed that if the viciousness of the horse after the sale was such as to convince them that it existed before the sale, it was evidence which they might consider upon the question whether it existed at the time of the sale; whereas from the exception as proved, it appeared that the instruction given was that under such circumstances the evidence would warrant them in finding that in fact it did exist at the time of the sale. *Held,* that the truth of the exception was not established.

When, upon a petition to establish the truth of an exception taken to a charge to the jury, it appears that a statement of evidence and of a portion of the charge has been omitted that, if inserted, might have an important bearing upon the fitness and application of the instruction complained of, neither the exception as presented nor the exception as proved will be considered by the court.

PETITION to establish the truth of exceptions.

The petition set forth that at the trial of an action in the Superior Court the petitioner excepted to certain instructions given by the court to the jury, and duly reduced the exceptions to writing and presented them to the court, but that the presiding justice failed to sign and return them.

The bill of exceptions, a copy of which was annexed to the petition, was as follows :

" This is an action upon a warranty of a horse.  It was conceded that the defendant sold the plaintiff the horse in question, May 14, 1870, and warranted it to be sound and kind.  The breach of warranty claimed was that the horse was balky.  The plaintiff's evidence tended to show that the horse was balky directly after the purchase and continued to be so during the time the plaintiff owned it, being about fourteen months.  The defendant's evidence tended to show that the horse had never been known to balk before the plaintiff bought it, and also that in a short time after the plaintiff parted with it (which he did some year and a half before the trial), it ceased to be balky.

" The presiding judge, in charging the jury, after stating that the single issue was whether the horse was unkind at the time of the sale, and that the warranty was not an undertaking that the horse should be kind in the future, proceeded as follows :

" ' The fact that he was unkind after the sale is not evidence of itself that he was unkind before the sale.  Presumptions do not run backwards.  Let me illustrate.  Suppose the question were whether on a certain day last fall a horse was sick with the prevailing distemper.  The fact that he coughed on a day subsequent to the day in question would not of itself be evidence that he had the distemper on the day in question ; but if he coughed on a day prior to the time in question, it might be evidence that he had the distemper at the time inquired about.  *But if the viciousness of the horse after the sale was such as to convince you that it existed before, it is evidence which you may consider upon the question whether the viciousness existed at the time of the sale ; but in and of itself, the fact that he was vicious after the sale is not evidence that he was vicious before or at the time of the sale.*'

" *The judge further charged the jury as follows :*

" ' *The defendant claims that the conduct of the horse while the plaintiff owned him was due to improper management on the part of the plaintiff, and not to any viciousness of the horse existing at the time of the sale.*

" ' *You will determine whether it was a vice that existed at the time of the sale, or whether it was a conduct brought about by the plaintiff's mismanagement. If you find that before the sale he had never been known to be unkind, and that after the plaintiff parted with him he was, without the application of any extraordinary means, reduced to kindness again, that would be very strong evidence that he was not unkind at the time of the sale.'*

" At the close of the charge the plaintiff excepted to the former part of said charge as an erroneous statement of the law, and to the latter part of it as a charge upon the facts.

" Being aggrieved by the foregoing instructions and rulings, the plaintiff respectfully excepts, and asks that his exceptions be allowed."

The petition was referred to a commissioner, who reported as true, a bill of exceptions in all respects like that set forth above, except that in place of that portion printed in italics he inserted what follows :

" ' The existence of disease or vice after the sale is not of itself evidence that the disease or vice existed before the sale. If however the jury can see either in the nature or present condition of the disease or vice anything which satisfies them that it existed at the time of the sale, then the evidence would warrant them in finding that in fact it did exist at the time of the sale.'

" There was evidence offered by the defendant tending to show that the plaintiff was an unfit person to have charge of and manage a horse. This consisted in the evidence of the opinions of witnesses not objected to, and in certain specific acts of plaintiff in driving, and the defendant argued from these facts and from the appearance of the plaintiff upon the stand, that by his habits, temperament, excitability and want of knowledge, he would make a horse vicious.

" In charging the jury the presiding judge said : 'It is claimed by the defendant that the horse was never known to be vicious before the sale to the plaintiff, and that in a few days after plaintiff sold him to Vinton, he manifested no tendency to vice, and never afterwards did during his life, which lasted about

a year and a half. In reference to this it is important to ascertain if the fact is so. If after the plaintiff sold him he had no vice, was it by reason of any superior skill in Vinton in training and subduing horses, or was it because he was put to constant and continuous work so as to repress his spirits and subdue him or render him incapable of or indisposed to manifesting the vice; if so, then it is wholly unimportant and of no consequence. If however you find that he never manifested the vice before the plaintiff owned him, and never after the plaintiff sold him, and that this change in his conduct was brought about by no extraordinary means, but resulted simply from his being subject to ordinary and usual treatment, it is strong evidence that the viciousness, manifested while plaintiff was owner, was by reason of the fault of the plaintiff rather than of the horse.' "

*H. B. Staples & F. P. Goulding*, for the plaintiff.

*G. F. Verry & F. A. Gaskill*, for the defendant.

GRAY, C. J. The instructions to the jury, of which the plaintiff complains, take substantially different aspects upon the exceptions presented by him to the judge who presided at the trial, and upon the exceptions proved before the commissioner.

Besides the different color given by the transposition of the sentences, the first instruction complained of, as stated in the exceptions presented, was no further qualified than by telling the jury that, if the viciousness of the horse after the sale was such as to convince them that it existed before, it was evidence which the jury might " consider upon the question whether the viciousness existed at the time of the sale; " whereas the exceptions established show that the jury were instructed that, in such a state of the proof, "the evidence would warrant them in finding that in fact it did exist at the time of the sale." The instruction as stated by the plaintiff only made such evidence competent to be considered; the instruction as proved to have been given made it sufficient in law to support a verdict for the plaintiff.

As to the last instruction, the bill of exceptions tendered omits to state that there was any evidence of the plaintiff's mismanagement; and also omits to state that part of the instruction given, which was favorable to the plaintiff; each of which might have

an important bearing upon the fitness and application of the instruction complained of.

The plaintiff therefore fails to prove that the exceptions alleged by him were substantially conformable to the truth. They were therefore rightly disallowed by the presiding judge, and the plaintiff is not entitled to have the validity, either of the exceptions presented, or of the exceptions proved, considered by this court. *Bottum* v. *Fogle*, 105 Mass. 42. *Cullen* v. *Sears*, 112 Mass. 299. *Petition dismissed.*