GEORGE W. ELA *vs.* SELINA COCKSHOTT.

Essex.    November 4, 1875.    WELLS & MORTON, JJ., absent.
          January 21.— 22, 1876.    COLT & DEVENS, JJ., absent.

Where a petition to establish the truth of exceptions is referred to a commissioner to
   hear the parties and report the facts, and there is a conflict of testimony, er con
   troversy as to the inferences of fact to be drawn from the evidence, it is the right
   of either party to have the judgment of the full court thereon, and a motion to
   recommit the report to the commissioner to report the evidence upon which his
   findings were based will be granted. ·
A bill of exceptions tendered stated that requests for instructions were presented to
   the judge by the petitioner's counsel before the arguments; that the judge refused
   to receive or read them ; that he accompanied his refusal with the statement that
   if the counsel was not satisfied with his instructions to the jury, he could except to
   them ; and that at the close of the charge the judge asked the counsel to state
   briefly the substance of his requests, and the counsel then read the requests. The
   evidence reported by the commissioner, to whom a petition to establish the truth

of the exceptions was referred, showed that no requests for instructions were presented to the judge until after the arguments and just before the charge; that the judge did not refuse to receive the requests for instructions before the arguments; that when he refused to read the requests just before the charge, he informed the counsel that at the close of the charge he could call the judge's attention to any point not covered by it; that after the charge he again asked the counsel to call his attention to any point in the instructions to which he objected; and that the counsel, instead of doing so, insisted on reading in full his request for instructions. *Held*, that the exceptions were rightly disallowed.

PETITION to establish the truth of exceptions alleged by the petitioner in an action brought against him by the respondent, and disallowed by *Wilkinson*, J., who presided at the trial in the Superior Court.

The petition was referred by this court to a commissioner " to hear the parties and report the facts." His report was duly returned to this court, and the respondent then moved that the report be recommitted to the commissioner to report the evidence upon which his findings were based.

*S. B. Ives, Jr.*, for the respondent.

*C. G. Saunders*, for the petitioner.

GRAY, C. J. The jurisdiction over petitions to establish the truth of exceptions disallowed by a judge of the Superior Court or of this court, like that over exceptions which have been allowed, is exclusively in the full bench of this court. Gen. Sts. c. 115, § 11. *Priest* v. *Groton*, 103 Mass. 530. *Cullen* v. *Sears*, 112 Mass. 299.

As a matter of convenience, the court has adopted the practice of referring the petition in the first instance to a commissioner to report the facts, and his report of the facts found by him is ordinarily sufficient to present to the full court every question which either party desires to argue. But if at the hearing before the commissioner there is a conflict of testimony, or a controversy as to inferences of fact to be drawn from the evidence, it is the right of either party to have the judgment of the full court thereon. To hold otherwise would be to allow greater weight to the finding of a subordinate officer of the court than to the official certificate of the judge to whom the exceptions were originally presented. *Motion granted.*

The commissioner then made a report of the evidence, and the case was argued upon the petition and his report in January 1876, and is stated in the opinion.

*J. A. Loring*, (*C. G. Saunders* with him,) for the petitioner.

*S. Lincoln, Jr.*, for the respondent, was not called upon.

GRAY, C. J. The bill of exceptions tendered states that the requests for instructions were presented to the court by the defendant's counsel before the arguments; that the judge then refused to receive or read them; that he accompanied his refusal with the statement, that if the counsel was not satisfied with his instructions to the jury, he could except to them; and that at the close of the charge the judge asked the counsel to state briefly the substance of his requests, and the counsel then read the requests. It omits to state that the judge, both before and after the charge, requested that the counsel would point out to him any omission or defect in the charge, and that the counsel did not comply with this request.

The evidence reported by the commissioner shows that no requests for instructions were presented to the court until after the arguments and just before the charge; that the judge did not refuse to receive requests for instructions before the arguments; that when he refused to read the requests just before the charge, he informed the counsel that at the close of the charge he could call the judge's attention to any point not covered by it; and that after the charge he again asked the counsel to call his attention to any point in the instructions to which he objected, and that the counsel, instead of doing so, insisted on reading in full his requests for instructions.

These differences are important. Before the argument, it was the right of the defendant by his counsel to present requests for instructions, and to have them examined by the judge and passed upon at some time before the jury retired. After the arguments were concluded, the counsel had no right to address the court or the jury, upon the law or the facts of the case, except by leave of the presiding judge. The bill of exceptions as tendered represents the judge as arbitrarily denying to the party a right to which he was entitled. The evidence before us shows that the judge refused no right, but properly declined to surrender the conduct of the cause to the counsel. The judge could not, con-

sistently with truth or with his official duty, have allowed the exceptions which were presented to him. Those exceptions having been rightfully disallowed, the petitioner is not entitled to be heard upon the questions of law stated therein. *Crow* v. *Stowe,* 113 Mass. 153. *Sawyer* v. *Yale Iron Works,* 116 Mass. 424.

*Petition dismissed.*