BENJAMIN GAGE *vs.* WILLIAM W. CAMPBELL.

Middlesex.   November 10. — 14, 1881.   MORTON & ALLEN, JJ., absent.

In a landlord and tenant process, evidence offered by the defendant that the lessor of the plaintiff never had any title to the premises has no tendency to show that the defendant never occupied them as the tenant of the lessor; and, if he did so occupy, he is estopped to deny his landlord's original title.

A bill of exceptions tendered in a landlord and tenant process stated that the judge ruled that " a man, if he claims title and refuses to move, is not entitled to a reasonable time after notice to move, nor a notice even." The judge did in fact give the ruling except the last four words. *Held,* that the exception was rightly disallowed.

If a party to an action suppresses a written document, and refuses to produce it upon notice, and so compels the adverse party to resort to secondary evidence, he is not afterwards entitled to offer proof of its contents.

PETITION to establish the truth of exceptions alleged by Benjamin Gage in an action brought against him by William W. Campbell, and disallowed, by *Bacon,* J., who presided at the trial in the Superior Court.

The petition was referred by this court to a commissioner to hear the parties, settle the truth of the exceptions, and report thereon.   The bill of exceptions, as tendered by the petitioner, (except the figures at the beginning of the paragraphs, which are added for convenience of reference,) was as follows, the words printed in italics being those which the commissioner reported should be stricken out:

" This was a landlord and tenant process to obtain possession of a lot of land, and buildings thereon, situated on Pearl Street, in the city of Somerville, which lot of land the defendant bought in 1855, and erected the dwelling thereon, and has lived there ever since, and was in possession thereof at the time of trial.   The trial was by jury, and verdict for plaintiff on June 17, 1880.

" The plaintiff claimed title by a written lease from one Daniel K. Wakefield, who in turn claimed title from the receivers of the Mercantile Savings Bank of Boston by a quitclaim deed; and the receivers claimed title through one Charles S. Johnson, who, as their agent and regularly employed by them as their clerk, was sent by said receivers for the purpose, bid

off said property at an auction had for the purpose of foreclosing a power-of-sale mortgage upon said property for $5000 and accrued interest, which mortgage this defendant had executed to said Mercantile Savings Bank; said Charles S. Johnson had received from said receivers as aforesaid a deed of said land in the usual form, and at the same time delivered his deed to said receivers of the same property as aforesaid. The lease in this case was given merely for the purpose of dispossessing the defendant.

" There was no claim that the defendant was ever a tenant of this plaintiff, but the plaintiff claimed, and offered evidence, which was denied by the defendant's evidence, that the relationship of landlord and tenant existed between his lessor and the defendant at the date of the said lease.

" 1. In the course of the trial the defendant, on cross-examination of Daniel K. Wakefield aforesaid, drew from said Wakefield the admission that, when he first obtained his deed of the property from the receivers aforesaid, he executed and delivered to this defendant an obligation to sell said property to this defendant for the sum of $4200 in seven days from its date, which was some time in September 1878, and that thereafter he extended the time for paying said sum until the following May, as he said, upon the defendant agreeing to pay him rent meanwhile. But the defendant claimed that he agreed to pay said Wakefield interest on his $4200 only meanwhile, and that he never agreed to nor contemplated the relationship of landlord and tenant between himself and said Wakefield.

" 2. In the course of the trial the defendant offered evidence to show that he deposited $1250 of the stock of the Eastern Slate Company, of Monson, Maine, with the Mercantile Savings Bank, as collateral security for his interest accruing upon his said mortgage, and that the bank accepted said stock; and, upon the consideration of said deposit of stock, duly and regularly extended the said mortgage; and that at the time of said pretended foreclosure, the extension aforesaid had not expired by its own limitation, and therefore said pretended foreclosure was null and void. This evidence was excluded by the court.

" 3. *The defendant also offered evidence to prove that the pretended foreclosure and sale was null and void from the fraud of*

*the receivers and their agents, even if the jury should find no ex-
tension of the mortgage.   This evidence the court also rejected.*

"4. *The defendant also offered evidence to prove that at the
date of the suit he was the owner of an equity of redemption in
said premises, and thereunder entitled to the possession.   This
evidence was rejected by the court.*

"5. The court for the purposes of the present case ruled
'that a man, if he claims title and refuses to move, is not
entitled to a reasonable time after notice to move, *nor a notice
even.*'

"6. *The defendant offered evidence to prove that the violence
of plaintiff exercised upon himself and family from the date of his
lease to the date of this suit was such that defendant had no rea-
sonable time to move.*

"7. A notice to produce certain receipts given by said Wake-
field to this defendant, in relation to said property, was given by
the plaintiff to the defendant's present counsel, P. H. Hutchin-
son, and during the trial the defendant testified that, before he
ever heard of this suit or knew the plaintiff at all, he had placed
these receipts in the hands of a third party for certain reasons
which he stated, and that, although he had tried his best to
obtain them to use at this trial, he had been hitherto unable
to repossess himself of them.   The plaintiff was then allowed
by the court to produce oral and secondary evidence of the con-
tents of said receipts.   Afterwards the defendant offered to
show that said receipts read for interest upon the purchase
money, and not for rent, as the plaintiff had attempted to show.
At this stage the court heard the defendant and one of his, de-
fendant's, witnesses, as to the efforts made to repossess himself
of these receipts and produce them at the trial, and then, upon
the statements made by the defendant and his witness as afore-
said, found that the defendant before this suit was commenced,
and all along up to the time of trial, suppressed the receipts
aforesaid, and excluded all evidence of the defendant as to the
contents of said receipts.   The court also found that it was no
fault of the defendant's counsel then trying his cause that the
receipts were not produced according to the notice.

" To all the aforesaid rulings of the court in the exclusion of
defendant's evidence, and the other rulings mentioned in this bill

of exceptions, the defendant duly excepted, and, being thereby aggrieved, prays that his exceptions may be allowed."

At the request of the petitioner's counsel, the commissioner reported the evidence on the question whether the petitioner had proved the truth of the words " nor a notice even " at the close of the paragraph marked 5, as follows :

" Both of the plaintiff's counsel testified that they put their case upon the ground that the defendant, Gage, was the tenant of Wakefield named in the petition ; and this was not disputed. The plaintiff's counsel, it was admitted, put in evidence of notice to the tenant to quit. It was also admitted that defendant's counsel was offering evidence as to whether reasonable time, after the alleged notice, was given the tenant to move. The petitioner's counsel testified that his minutes taken at the trial, which were exhibited before the commissioner, stated that the court ruled as stated in the petition ; that the court did so rule, and he seasonably excepted. The son of the petitioner's counsel testified that he was in court during most of the trial, that the court ruled as I have found proved, and further, that, under the circumstances stated in the petition, no written notice was necessary. Both of the plaintiff's counsel testified that the court did not rule as stated in the petition, but only as I have found proved. One of the plaintiff's counsel testified that this matter came up at the hearing upon the exceptions by the court, that, although the counsel for the defendant then claimed that the court ruled as stated in the petition, both the court and the witness then repeatedly and very positively stated, in presence of the counsel for the defendant, that the court did not rule as stated in the petition, but that the court did rule as I have found proved ; and this was not denied."

*P. H. Hutchinson,* for the petitioner.

*C. W. Bartlett, (J. M. Gove* with him,) for the respondent.

GRAY, C. J. The only ground appearing by the bill of exceptions, on which the plaintiff, claiming under a written lease from Wakefield, sought to maintain this landlord and tenant process against the defendant, was that the defendant was a tenant at will of Wakefield. The evidence offered by the defendant, that Wakefield never had any title, had no tendency to show that the defendant never occupied the premises as

Wakefield's tenant; if he did so occupy, he was estopped to deny his landlord's original title in this action. *Coburn* v. *Palmer*, 8 Cush. 124. *Towne* v. *Butterfield*, 97 Mass. 105. The defendant therefore shows no ground for sustaining his exception to the rejection of that evidence.

The truth of the next exception is not established. The ruling given by the presiding judge, as found by the commissioner, substantially differs from the ruling as stated in the bill of exceptions tendered by the defendant; and the weight of the evidence reported by the commissioner is certainly not against his finding. This exception, therefore, cannot be entertained by this court. *Crow* v. *Stowe*, 113 Mass. 153. *Sawyer* v. *Yale Iron Works*, 116 Mass. 424.

The court below, having found, as matter of fact, that the defendant had suppressed the written receipts, rightly declined to permit him to introduce oral evidence of their contents. A party who has suppressed a written document, and refused to produce it upon notice, and so compelled the adverse party to resort to secondary evidence thereof, is not afterwards entitled to offer proof of its contents. *Joannes* v. *Bennett*, 5 Allen, 169. *Stone* v. *Sanborn*, 104 Mass. 319, 325. The evidence offered by the defendant, and excluded, appears by the bill of exceptions to have been evidence of the contents of the receipts, not evidence to impeach the credibility of the testimony of the plaintiff's witnesses. This exception must therefore be overruled. *Judgment accordingly.*