FANNY MCMAHON *vs.* JEREMIAH O'CONNOR.

Suffolk. March 18. — May 10, 1884. DEVENS & COLBURN, JJ., absent.

An action for the conversion of personal property was referred to an auditor, whose report found that the defendant converted to his own use the chattels specified in the declaration; and that he "owes the plaintiff upon the various items of account the sum of money respectively opposite each item," setting forth a sum certain in respect of each. *Held,* that the report plainly implied that the property belonged to the plaintiff; and that an objection to the sufficiency of the report upon that point was untenable.

At the close of the argument for the defendant in an action, his counsel presented a large number of requests for instructions; but the judge declined to rule upon them, on the ground that they were not seasonably presented, at the same time saying that, at the close of the charge, the counsel could ask for such further instructions, and except to such parts of the charge, as he saw fit. At the end of the charge, the judge repeated that, if there were matters which counsel conceived had been omitted, they might call attention to them. *Held,* that the defendant had no ground of exception to this course.

A general exception to the entire charge of a judge to the jury is irregular, and cannot be sustained.

TORT for the conversion of personal property. At the trial in the Superior Court, before *Blodgett,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*G. W. Searle,* for the defendant.

*L. J. Drake,* for the plaintiff.

HOLMES, J. The auditor's report finds that the defendant converted to his own use the chattels specified in the declaration, and that he "owes the plaintiff upon the various items of the account the sum of money respectively opposite each item," setting forth a sum certain in respect of each. These words plainly import that the goods belonged to the plaintiff; and the objection that the auditor does not find that fact in terms, and that his phraseology is inapt, is too refined, even if it were open here upon exceptions to the refusal to recommit, or to the admission of the report in evidence; *Butterworth* v. *Western Assurance Co.* 132 Mass. 489; or to the refusal to rule upon the sufficiency of the plaintiff's evidence to maintain the action, or to direct a verdict before the whole testimony was closed upon both sides. *Wetherbee* v. *Potter,* 99 Mass. 354. *Kingsford* v. *Hood,* 105 Mass. 495.

At the close of the argument for the defendant, his counsel presented twenty-three requests for instructions; but the court declined to rule upon them, on the ground that they were not seasonably presented, at the same time saying that, at the close of the charge, the counsel could ask for such further instructions, and except to such parts of the charge, as he saw fit. At the end of the charge, the court repeated that, if there were matters which counsel conceived had been omitted, they might call attention to them. This course was exactly in accordance with the decision in *Ela* v. *Cockshott*, 119 Mass. 416, 418, as generally understood and acted upon.

It is the undoubted right of parties to present requests for rulings, and to have them passed upon. But the right is not infringed by requiring it to be exercised in a reasonable way. So far as a ruling upon hypothetical facts is the modern substitute for a judgment upon the sufficiency of a pleading alleging the same facts, as has been suggested in an ingenious work, Evans Pl. 103–113, Ib. (Miller's ed.) c. 9, it is obviously reasonable that it should be settled as far as possible before the arguments begin what facts must be found by the jury to entitle one side or the other to prevail. And it is still more obvious that, if the right to present requests for rulings is to be an aid in the administration of justice, the court must have an opportunity to consider the requests which are made. We do not see sufficient reason for disturbing the now settled practice, which leaves it within the discretion of the court, when a multitude of requests are presented after the arguments have begun, to throw the burden on counsel of calling attention to points not dealt with, at the end of the charge, with the right, of course, to except to such portions of the charge as they deem erroneous. It is not to be supposed that this discretion would be used in such a way as to avoid dealing with an important point that arises, or is first thought of, at a late stage.

The defendant's general exception to the charge, without pointing out particulars, was bad. *Curry* v. *Porter*, 125 Mass. 94.

*Exceptions overruled.*