## COMMONWEALTH *vs.* HENRY F. BOUTWELL.

Worcester.   October 1, 1894. — October 18, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Evidence — Instructions — Exception.*

At the trial of a complaint against an apothecary for unlawfully exposing and keeping intoxicating liquors for sale from May 1 to August 6, 1894, it appeared that the liquors were found in sundry bottles, and that there was also other evidence tending to show that they were kept for unlawful sale. After giving general pertinent instructions not objected to, the judge told the jury that the defendant, as an apothecary, had a right to have intoxicating liquors to be used solely to mix with other ingredients as a medicine, and that, if they should find that they were kept solely for that purpose, they should return a verdict of not guilty, but that if they should find that they were kept for sale they should return a verdict of guilty. There was no evidence which called for any other instructions, the defendant did not testify, there was nothing to show that any part of the liquors were on hand before May 1, as a part of the defendant's stock when he held the license to sell for medicinal and similar purposes; and if they were a part of his former stock, there was nothing to show that he was keeping them at the time of the seizure for any other purpose than either to sell or to mix with other ingredients as a medicine. *Held,* that the defendant's statement to the police officers at the time of the seizure, that part of the liquors were on hand before May 1 as a part of his stock when he held the license to sell for medicinal and similar purposes, was not evidence in his favor, that the instructions were appropriate, and that the judge was not called upon after the close to give, at the request of the defendant, an instruction founded on an hypothesis of fact of which there was no direct evidence but only a possibility of an inference.

If, at the trial of a complaint for unlawfully exposing and keeping intoxicating liquors for sale, reasons given to the defendant's counsel for refusing a ruling requested by him, and a ruling made in connection with such refusal, were no part of the instructions to the jury, and if they did the defendant no harm, even though erroneous, the defendant has no ground of exception.

COMPLAINT to the Police Court of Fitchburg, for unlawfully exposing and keeping intoxicating liquors for sale from May 1, 1894, to August 6, 1894. At the trial in the Superior Court, on appeal, before *Lilley,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions. The material facts appear in the opinion.

*C. F. Baker,* for the defendant.

*F. A. Gaskill,* District Attorney, for the Commonwealth.

KNOWLTON, J.   The only exceptions in this case are to the refusal of the presiding justice to give an instruction requested

after the close of the charge to the jury, and to the reasons given for refusing the instruction, and to the ruling made in that connection.

The defendant was an apothecary, and upon a search of his premises on August 4, 1894, intoxicating liquors were found in sundry bottles. There was also other evidence tending to show that the liquors were kept for unlawful sale; and it appeared that the defendant had a sixth class liquor license as druggist and apothecary from May 1, 1893 to May 1, 1894. The judge gave general instructions " applicable to the case and not objected to," and told the jury that the defendant, as a druggist and apothecary, had a right " to have in his possession intoxicating liquors in any quantities to be used solely for the purpose of mixing and combining with other ingredients as a medicine, and that the only question for the jury was to decide whether the liquors found in the defendant's possession were so kept by him solely for the purpose of combining with other ingredients as a medicine, or were kept to be sold in violation of law; that if they should find that they were so kept solely for combining with other ingredients as a medicine, the jury should return a verdict of not guilty, but that if they should find that they were kept for sale they should bring in a verdict of guilty." Under the instructions, the jury could not find the defendant guilty unless they were satisfied beyond a reasonable doubt that the liquors were kept for sale. So far as appears, there was no evidence which called for any other instructions. The defendant did not testify, and there was nothing to show that any part of the liquors were on hand previously to May 1st, as a part of his stock when he held the license to sell for medicinal, mechanical, and chemical purposes. His statement to the police officers to that effect at the time of the seizure was not evidence in his favor. But if the liquors were a part of his former stock, there was no testimony that he was keeping them there at the time of the seizure for any other purpose than either to sell or to use in combination with other ingredients as a medicine. We are of opinion that the charge as given was appropriate to the case, and that the judge was not called upon after the close of the charge to give, at the request of the defendant, an instruction founded on an hypothesis of

fact of which there was no direct evidence, but only a possibility of an inference. *McMahon* v. *O' Connor*, 137 Mass. 216. *Ela* v. *Cockshott*, 119 Mass. 416.

The reasons given to the defendant's counsel and the ruling made in connection with the refusal to instruct were no part of the instructions to the jury, and if they were erroneous in any particular they did the defendant no harm.*

*Exceptions overruled.*

---

* At the close of the judge's charge to the jury, the defendant asked him to add the following: "If the jury should find that the bottles of liquor were a part of his stock of last year, when the defendant had a license, and that after the license expired the same were left by him in his store with no intent to sell the same, then the presence of such liquors is not a violation of law." The judge declined to give this ruling, stating that he declined to do so for the reason that no evidence had been offered to show that the defendant was a registered pharmacist during the time covered by the license, or any part thereof, and ruled that without such evidence the license put in evidence in and of itself alone afforded no protection or justification for the possession of the liquors prior to May 1, 1894, and that for this reason only he refused to give the ruling prayed for.