DAVID L. WEBSTER & others *vs.* INHABITANTS OF MELROSE.

Middlesex.    January 19, 1897. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Land Damages — Instructions — Trial — Exceptions.*

In this case the court were of opinion that the ruling requested was given, and that no exception was open.

PETITION to the Superior Court, under Pub. Sts. c. 52, §§ 15, 16, for a jury to assess the damages caused to the petitioners by lowering a highway in the respondent town.    At the trial, before *Fessenden*, J., the jury returned a verdict for the respondent ; and the petitioners alleged exceptions.    The facts appear in the opinion.

*W. B. Stevens*, for the petitioners.

*F. S. Hesseltine*, for the respondent.

HOLMES, J.    This is a petition for damages caused by lowering the highway on part of the petitioners' land.    The work in question was done in 1895.    The order relied on to make the town responsible was passed in 1891, and the first question was whether the work was done in pursuance of that order, or

whether the work contemplated in 1891 was finished in 1891. This was put to the jury, and they found that the contemplated work was finished in 1891. Another question was whether the grade had been changed by the work of 1895, the parties not being agreed as to what the grade was at that time. At the end of the charge this ruling was asked: "If the grade of the street opposite the petitioners' premises had remained the same for forty years, this fact should be taken into consideration by the jury in determining the real grade of the same." This was refused at first; and then the counsel for the petitioners asked for an exception, at the same time expressing a doubt as to his right to it, which, in view of the time of the request and the circumstances, was intelligible. *Ela* v. *Cockshott*, 119 Mass. 416, 418. But thereupon the judge said: "I have instructed the jury and will repeat this, in order to save any question about it, that in determining what the true grade of the street was, gentlemen, you may bear in mind what the condition of the street had been as described in this testimony." Nothing more was said, and evidently the judge was warranted in supposing that the petitioners were satisfied, as his language showed him to intend that they should be. His instruction covered what the petitioners asked. The petitioners did not ask a ruling to the effect of their argument before us, that forty years' continuance would establish a grade by prescription, but only that the continuance was to be considered by the jury. We do not perceive that the petitioners have anything to complain of, or why the jury's answer to the question put to them did not make the request immaterial.

*Exceptions overruled.*