GREELY S. CURTIS *vs.* SOPHIA B. GOODWIN & others.

Suffolk. March 4, 1919. — April 2, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Land Court. Adverse Possession. Landlord and Tenant.*

Where in a petition to the Land Court to register a title to land which was in the petitioner upon the record, the respondent claimed a title acquired by adverse possession of the land for more than twenty years under an alleged oral agreement for a sale of the land to his predecessor in title, the judge, who saw the witnesses and heard the testimony of a vague character in regard to the alleged oral contract, found that the respondent's predecessor in title was not in possession under an agreement to purchase, and where this court could not say that there was no evidence to support the finding, it was *held* that the finding was conclusive.

A tenant of land, under a lease for a term of nine years with a privilege of

renewal giving the lessee the right to erect a dwelling house on the land and to remove it before the termination of the lease and containing a covenant by the lessee to repair the party fences and ditches and to pay all taxes and assessments during the term and for such further time as the lessee might hold the premises, continued in possession of the land after the expiration of the term, and after such expiration, in a bill of sale of a house on the land, described it as "the house standing on land I hire from" the lessor in the expired lease. Such former lessee said to the clerk of the town that he would get the permission of his former lessor to place a drain on the land, and also after the death of his former lessor said to the niece of that lessor, "I hope I shall never be turned away from the home I live in." A judge of the Land Court found on this and other evidence that the relation of landlord and tenant did not cease and that the possession of such former lessee was not hostile to but was in recognition of the title of the former lessor. *Held,* that this finding was warranted.

One, who entered a parcel of land as the lessee of a certain person and after the expiration of the lease continued to occupy the land as the tenant of such person and never renounced his landlord's title, is estopped to deny it in proceedings between them.

PETITION, filed in the Land Court on October 15, 1917, by Greely S. Curtis, as the successor in title of Isaac C. Wyman, for the registration of his title to two parcels of land in Marblehead, only the first of which was claimed by the respondents.

The answer of the respondents set up a title by adverse possession in the respondents as the successors of Benjamin F. Goodwin to the first of the two parcels of land described in the petition.

The case was heard by *Corbett,* J. The material evidence is described in substance in the opinion. The evidence of the conversation of Benjamin F. Goodwin with a niece of Isaac C. Wyman in May, 1910, there referred to, was as follows:

Susan B. Dickinson, called by the petitioner, testified that she was a niece of Isaac C. Wyman, that she knew Benjamin F. Goodwin well and remembered the death of her uncle Isaac C. Wyman, that about two weeks after the death of her uncle Isaac, Benjamin F. Goodwin visited her at her home and said to her, "Susan, I hope I shall never be turned away from the home I live in," and that she replied, "No, you never will as long as I live."

The judge made a decree for the registration of the petitioner's title; and the respondents alleged exceptions.

*A. T. Johnson,* for the respondents.

*L. B. Colbert,* for the petitioner.

DE COURCY, J. This is a petition to register the title to two parcels of land situated in Marblehead. The Land Court entered

a decree for the petitioner. The exceptions of the respondents relate only to parcel number one, the record title to which is in the petitioner.

The principal contention of the respondents is that Benjamin F. Goodwin, under whom the respondents claim, entered into possession of the locus under an oral agreement for the purchase thereof, that he performed his part of the contract more than twenty years before the filing of the petition for registration, and that he has acquired title by adverse possession. A sufficient answer to this contention is that the judge, who saw the witnesses and heard the vague testimony as to an alleged oral contract, has found in substance that Goodwin was not in possession under an agreement to purchase. That finding is conclusive on us, as we cannot say that there was no evidence to support it. *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286, 291.

It is not in dispute that Goodwin hired the land in question, or a portion of it, in 1870 from Isaac C. Wyman, taking a lease for a term of nine years from September 1, with a privilege of renewal. The lessee was given the right to erect a dwelling house on the land, and to remove the same before the termination of the lease; and he agreed to repair the party fences and ditches, and to pay all taxes and assessments during the term and for such further time as he might hold the premises. It is elementary that a possession which will constitute a disseisin of the true owner must be not only open and notorious, but adverse, "with an intention to appropriate and hold the same as owner, and to the exclusion, rightfully or wrongfully, of every one else." *Bond* v. *O'Gara*, 177 Mass. 139, 144. *Duff* v. *Leary*, 146 Mass. 533. The judge has found that the relation of landlord and tenant did not cease, and that the possession of Goodwin was not hostile to but was in recognition of the title of the owners. This finding was warranted by the evidence, much of it relating to facts subsequent to the term specified in the lease; — such as Goodwin's bill of sale in August, 1880, of "the house standing on land I hire from said Wyman;" his request for a deed from Wyman in 1898; his statement to the town clerk in 1903, that he would get the permission of Wyman to locate a drain on the land in question; and his conversation with Isaac C. Wyman's niece in May, 1910. *Gorton-Pew Fisheries Co.* v. *Tolman*, 210 Mass. 402.

In view of the findings of fact it is unnecessary to consider the requests of the respondents relating to the title of the petitioner. Isaac C. Wyman, one of the predecessors in title of the petitioner, owned at least a portion of parcel number one since the Gardner and Gilley deed of March 14, 1848. And he had charge of the portion belonging to his brother William B. Wyman. As Goodwin entered and continued to hold the locus as tenant of Isaac C. Wyman, and never renounced his landlord's title, he cannot now controvert it in these proceedings. *Morse* v. *Goddard,* 13 Met. 177. *Gage* v. *Campbell,* 131 Mass. 566.

The record discloses no error, and the exceptions must be overruled.

*So ordered.*