LILLIAN M. MAGUIRE, petitioner.

Middlesex.    November 2, 1959. — December 7, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Practice, Civil*, Exceptions: allowance and establishment.  *Evidence*,
    Prima facie evidence.  *Jury and Jurors.*

A petition to establish the truth of a bill of exceptions in an action was
    dismissed where this court, on unrebutted statements of the trial judge
    in disallowing the bill and other evidence contained in a commissioner's
    report, found to be true certain facts omitted from the bill which were
    material to the merit of the exceptions and whose omission affected the
    accuracy of the whole bill and was the basis of its disallowance.  [14–15]
There would be no merit in an exception to action of a trial judge in per-
    mitting the jury in a civil case to separate and go home at the close of
    court hours one afternoon while they were still deliberating and to
    resume their deliberations upon reassembling the next morning, and
    in taking their verdict thereafter, if the jury upon separating in the
    afternoon were instructed by a court officer not to talk about the
    case with anyone and before resuming their deliberations the next morn-
    ing all answered in the negative an inquiry by the judge whether they
    had talked with anyone about the case.  [15]

PETITION, filed in this court on January 20, 1958, to estab-
lish exceptions.

*Samuel Susser*, for the petitioner.
*Richard C. Johnson*, for the respondent.

WILLIAMS, J.  This is a petition to establish the truth of
the plaintiff's exceptions in an action of contract which were
disallowed as "not conformable to the truth."  G. L. c. 231,
§ 117.  The petition was referred to a commissioner and the
case comes before us on his report.

The bill of exceptions states that the case was submitted
to the jury at about 2:30 P.M. on Thursday, October 10,
1957.  Having failed to arrive at a verdict at the close of
court hours, the jury were allowed to separate and go home
and were "informed" to reassemble on the next morning
to continue with their deliberations.  "Such permission to

the jury was given unbeknown to the plaintiff or her counsel." The jury reassembled on the following morning and resumed their deliberations. At about 10:45 A.M. they returned a verdict for the defendant. The plaintiff and her counsel "were unaware of such separation and reassembly until after the verdict was returned . . . . No comment or instruction was made by the court when the jury separated . . . [and] no inquiry . . . made of the jury when it had reassembled . . . nor when . . . [it] returned its verdict." The plaintiff's counsel was informed of the verdict at 11 A.M. On October 14 the plaintiff filed a claim of exception "to the action of the court, taken in the absence of counsel, in taking the jury's verdict on Friday, October 11, 1957, after the jury had separated on Thursday, October 10, 1957, after submission, without arriving at a decision."

The petitioner alleged that the bill was filed, after an extension of time, on November 13, 1957, that it was presented for allowance, and that there was a hearing upon it on December 31, 1957. At that hearing the trial judge stated that he would allow the bill only if amendment was made thereto to the effect that the court officer in dismissing the jury for the day instructed them not to talk the case over with anyone and that when court convened in the morning the jury were brought into court and asked by the judge if they had talked the case over with anyone and all twelve answered "No." Counsel for the plaintiff refused to amend and the judge disallowed the bill of exceptions "as not conformable to the truth in that the court officer instructed the jury in dismissing them for the day not to talk the case over with anyone. When court convened in the morning I had the jury brought in and asked them if they had talked the case over with anyone and all twelve answered 'No.' I then instructed the jury to resume their deliberations. Morton, J."

The commissioner found that the plaintiff's bill did not conform to the truth for the following reasons: "(1) That the court officer, in dismissing the jury for the day on October 10, 1957, instructed them not to talk the case over with

anyone.   (2) That the judge, as stated by him in his disallowance of the bill of exceptions, did, on the morning of October 11, 1957, inquire of the jury if they had talked the case over with anyone and that all twelve answered 'No.' "

The court does not delegate to the commissioner the duty of deciding whether the truth of the exceptions alleged has been legally established.  *Cullen* v. *Sears*, 112 Mass. 299, 306.  *Kaiser* v. *Alexander*, 144 Mass. 71, 75.  *Moneyweight Scale Co., petitioner*, 225 Mass. 473, 475.  Ordinarily his report of the facts is sufficient to enable the court to make the required ultimate finding, "[b]ut if at the hearing before . . . [him] there is a conflict of testimony, or a controversy as to inferences of fact to be drawn from the evidence, it is the right of either party to have the judgment of the full court thereon."  *Ela* v. *Cockshott*, 119 Mass. 416, 417.

Nothing appears in the report of the commissioner which casts doubt on the accuracy of his findings.  The evidence upon which they were based has been substantially reported and tends to support his conclusions.  The statements of the judge in disallowing the exceptions are prima facie to be treated as true and will stand unless rebutted, explained or overcome by other evidence.  *Sawyer* v. *Yale Iron Works*, 116 Mass. 424, 432.  *Moneyweight Scale Co., petitioner, supra*, pp. 475, 477, 478.  The petitioner, to rebut the statements of the judge, relies upon a "certificate" of the court stenographer that her notes do not show any further comments by the judge to the jury after the charge and any later inquiry of the jury.  But she testified before the commissioner that she did not go to the jury room when the jury were dismissed for the day and had no knowledge of what they were told at that time; that she thinks that she was not present when the jury came in the next morning; and that she had no knowledge of the judge's questions to the jury about talking with anyone.  On examination by the commissioner of several members of the jury their testimony supported the statements of the judge.  We find that the facts so stated were true.  Their omission from the bill was

material to the validity of the exceptions and the bill was rightly disallowed.

It is not a case where part of the bill could be allowed and part disallowed, since the omissions affected the accuracy of the whole bill. See *Ray, petitioner*, 314 Mass. 195, 198. Nor would it benefit the petitioner even if after her refusal to amend we were disposed to remodel it in accord with the commissioner's findings (see the *Ray* case, *supra*, p. 200). There would be no merit in the exceptions. See *Charles* v. *Boston Elev. Ry.* 230 Mass. 536, 541–544; *Dziegiel* v. *Westford*, 274 Mass. 291, 295, 296; *Newell* v. *Rosenberg*, 275 Mass. 455, 459; *Enga* v. *Sparks*, 315 Mass. 120, 126.

*Petition dismissed.*