MANUEL F. ARVILLA *vs.* JOHN P. SPAULDING & another.

Suffolk, Nov. 23, Dec. 13, 1876. — Jan. 15, 1877. LORD, J., did not sit.

A petition to establish the truth of exceptions alleged that exceptions were taken by the petitioner at the trial, and reduced to writing, and presented to the judge within three days after verdict, and were in conformity with the truth, and should have been allowed; that a few days afterwards the petitioner drew amendments to his exceptions, setting them forth more fully, and presented them to the judge, and moved to amend his exceptions accordingly, and that "the petitioner thinks that said amendments, which were in conformity with the truth, and more fully and

clearly set forth the exceptions taken, and which were presented as early as pos-
sible, should also have been allowed;" and the petitioner prayed that he might be
permitted to establish the truth of the exceptions as originally presented, and that,
if in the opinion of the court it was reasonable and proper, he might amend his
exceptions according to the amended bill, and be allowed to prove the same. The
two bills of exceptions (copies of which were annexed to the petition) presented
the rulings excepted to in substantially different aspects. *Held*, that both bills of
exceptions were rightly disallowed : the first, because the petition showed upon its
face that it was untrue in material respects; and the second, because it was not
presented to the court within three days after verdict, or within further time al-
lowed by the presiding judge, as required by the Gen. Sts. *c.* 115, § 7 ; and that
the petition must be dismissed.

PETITION to establish the truth of exceptions, alleged by the
petitioner, in an action brought by him against the respondents,
and disallowed by *Lord*, J., who presided at the trial in this
court. The facts appear in the opinion.

*S. B. Allen*, for the petitioner.

*O. W. Holmes, Jr.*, for the respondents.

GRAY, C. J. The important questions of practice, presented
by this case, having, since it was argued at the bar, been sub-
mitted upon arguments in writing, have been considered by the
whole court, except the justice whose rulings are sought to be
revised, who, though present at the oral argument, has taken no
part in the consultation or decision.

The petition alleges that exceptions were taken by the plain-
tiff's counsel at the trial, and reduced to writing from recollec-
tion, and filed in court and notified to the defendants, and pre-
sented to the presiding judge, within three days after the verdict,
and were in conformity with the truth, and should have been
allowed; that a few days afterwards the plaintiff's counsel ob-
tained, by consent of the defendants' counsel, the notes of ste-
nographers employed by the defendants, and thereupon drew
amendments to his exceptions, setting them forth more fully,
and placed the amendments in the hands of the defendants'
counsel, and afterwards filed them in court and presented them
to the judge, and moved to amend his exceptions so that they
might read as stated in the amended bill; and that "the peti-
tioner thinks that said amendments, which were in conformity
with the truth, and more fully and clearly set forth the excep-
tions taken, and which were presented as early as possible,
should also have been allowed." The petitioner prays that he

may be permitted to establish the truth of the exceptions as originally presented, and that, if in the opinion of the court it is reasonable and proper, he may amend those exceptions according to the amended bill, and be allowed to prove the same.

Copies of the original and amended bills are annexed to the petition, and show that the action was in tort for injuries received by the plaintiff by reason of the falling of an elevator, upon which he and three other workmen, with a wagon loaded with melted sugar, were ascending from a lower to a higher floor in the defendants' sugar refinery; that the plaintiff at the trial introduced evidence tending to show that it was usual and proper for the four men to go up on the elevator with the wagon, and that two men could not draw the wagon over the floors of the defendants' refinery; that the defendants, on the other hand, introduced evidence tending to show that two men should have remained upon each floor, and could haul the loaded wagons; and that the defendants were permitted, against the plaintiff's objection and exception, to introduce testimony of what two men could do in this respect in other sugar houses.

As to the testimony so excepted to, the bill of exceptions, as originally presented, after stating that " the defendants' refinery floors were made of wood and sticky," states that the testimony of one witness related to a refinery the floor of which was covered with iron plates and was clean, and does not state that any limitations were imposed by the judge upon the application of the testimony of the other witnesses.

But the second bill of exceptions, afterwards offered by way of amendment of the first bill, clearly implies, in the case of the first witness, and distinctly states, in the case of another witness, that the judge required the wagons and floors of the other houses to be shown to be substantially, if not precisely, like the wagons and floors in the defendants' refinery, in order to make the testimony applicable.

The two bills of exceptions thus presenting the rulings excepted to in substantially different aspects, there can be no doubt that, if it were found by the report of a commissioner, or by the evidence taken before him, to the satisfaction of this court, that the proceedings at the trial were exactly as they are stated in the amendments proposed, it would appear that the first

bill of exceptions did not conform to the truth, in respects which, however considered by the party or the counsel, are in law material, and that it was therefore rightly disallowed. Gen. Sts. c. 115, § 11. *Sawyer* v. *Yale Iron Works*, 116 Mass. 424. *Ela* v. *Cockshott*, 119 Mass. 416. And the petition, by alleging the amended bill of exceptions to be conformable to the truth, suggesting no mistake or inaccuracy therein, and praying that the bill previously filed may be amended accordingly, shows upon its face that the former bill was untrue in material respects, and renders any further hearing, before a commissioner or before the court, unnecessary to the ascertainment of that fact.

The amended bill of exceptions was rightly disallowed, because it was not presented to the court within three days after verdict, or within any further time allowed by the presiding judge. Gen. Sts. c. 115, § 7. *Doherty* v. *Lincoln*, 114 Mass. 362. *Commonwealth* v. *Greenlaw*, 119 Mass. 208. The rule of practice, recognized in *Perry* v. *Breed*, 117 Mass. 155, which allows the amendment of a bill of exceptions, by leave of the court, to cure a mistake or omission in drawing it up, has no tendency to countenance a right in the excepting party to file, by way of amendment of the original bill, a substantially new bill of exceptions, after the time prescribed by the statute has elapsed. *Petition dismissed.*