EDWARD H. GLIDDEN vs. LINUS M. CHILD & another.

Suffolk. April 4. — 10, 1877. AMES & ENDICOTT, JJ., absent.

A written agreement of the defendants to pay for certain bricks to be delivered to a third person, who had contracted to build a house for them, is an original promise; and the plaintiff, upon substantially performing the agreement on his part with variations assented to by the defendants, may maintain an action for the bricks upon an account annexed.

The report of a commissioner, to whom a petition to establish the truth of exceptions had been referred, showed that material evidence introduced at the trial upon one of the questions presented by the exceptions, was not stated in the bill of exceptions presented. *Held*, that the bill of exceptions, so far as it related to this question, was rightly disallowed.

CONTRACT against Linus M. Child and H. B. Crandall, on an account annexed, for a quantity of bricks sold to the defendants. Trial in the Superior Court, without a jury, before *Bacon*, J., who found for the plaintiff. The defendants tendered a bill of exceptions in substance as follows :

It appeared at the trial that one Silva went to the plaintiff to purchase some bricks to build two houses ; that the prices and conditions were stated and agreed on, but that the plaintiff refused to trust Silva, as he did not consider him good, but required some guaranty for the payment ; that afterwards, on the same day, Silva brought him the following written agreement signed by the defendants : " Boston, December 7, 1874. Mr. E. H. Glidden. We will pay you for eighty-seven thousand light hard bricks, and eighty-eight thousand hard bricks, to be delivered to Manuel Silva, at the rate of 6.25 dollars per thousand for the light hard, and 8.25 dollars per thousand for the hard, in thirty days after delivery."

The defendants contended that the plaintiff could not maintain his action on the account, but should have sued on the agreement.

The plaintiff testified that after the contract had been signed he met the defendant Crandall, who requested that there should be delivered more of the bricks at $8\frac{1}{4}$ per thousand, and less of those at $6\frac{1}{4}$ per thousand, and he agreed with him so to do ; that afterwards the plaintiff rendered a bill to Silva for a portion of the bricks, (he, said Silva, being the contractor who was building

the houses for the defendants,) and requested the defendants to pay the same; that upon that bill it appeared that there were charged to Silva more than the number of hard bricks called foi in the written agreement; that he went to the office of the defendant Child with the bill, and he gave him a check for half the amount stated on the bill, and then went to the defendant Crandall's office and took his note for the other half of the same, and that nothing was said to or by Child about the excess of the hard bricks upon the bill over the number named in the written agreement.

The defendant Crandall testified that Child and he had made a contract with Silva to build certain houses for a specific sum, upon land owned by them jointly; that at Silva's request he went with him to Glidden, and was informed that Glidden would not trust Silva for his pay, and agreed to furnish the written agreement for the payment of the sum, which he did; that he never waived or changed that agreement, or asked for more of the higher cost bricks mentioned in the agreement; that he did know that more than the whole amount of the higher cost bricks had been furnished to Silva when the payment was made, and that they were on the bill to Silva.

The defendant Child testified that Glidden came to him and wanted to be paid on account of the agreement; that objection was made that nothing was due until all the bricks were delivered; that the plaintiff desired it as an accommodation, and that he agreed to pay him the amount he wanted, $1079, if he had furnished that amount in value, so he could charge it to Silva on his contract; that the next day he came in with the bill; that it was not examined particularly, and that he did not know what kind of bricks or how many were on the bill, but only saw that Silva admitted he owed Glidden that amount. This was all the evidence in the case on the question of the liability of the defendants. There was no evidence that Child and Crandall were partners, or that one was or ought to be bound by the knowledge or agreement of the other.

On this evidence, the defendant Child contended that there was no evidence of a parol change of the written agreement that was binding on him, and that there could be no increase of liability above the written contract; and both the defendants con-

tended, 1. That the only contract entered into by both of the defendants was the written one, and that they were not and could not be held on an account annexed, and the action should have been brought on the written guaranty. 2. That the lia-bility of the defendants was fixed and limited precisely by the agreement signed, and could in no way be exceeded or enlarged, that as the claim of the plaintiff was for 149,000 hard bricks at 8¼, while the agreement was for only 88,000, that the defend-ants could only be held for that amount of hard bricks, unless there had been some waiver or change of the written agree-ment. 3. That, as the only evidence of waiver as to the de-fendant Child was the payment of a sum of money on account to the plaintiff, the amount of which was ascertained by a bill rendered to Silva, on which were charged more than 88,000 hard bricks, it was not sufficient on which to find that he had changed the written contract, and especially that it was not a waiver as to future delivery of bricks ; and if the defendant Child could be charged for the 111,000 charged on the bill, he could not be charged for the 38,000 delivered afterwards.

The judge ruled that the only contract between the parties was the written agreement ; that the defendants could only be held to the liability incurred under the written agreement ; that the action could be brought on an account, as this was, the writ-ten agreement being used as evidence ; and that the fact of the money paid on account to Glidden on the bill to Silva was evi-dence of a change of the agreement that would bind both of the defendants, not only to the increase of the liability as stated on the bill, but also to any further increase of liability for a further delivery of the higher priced bricks ; and found that the defend-ants must pay to the plaintiff for 175,000, the number called for in the written agreement, and no more ; but must pay for 149,000 bricks at 8¼, and 26,000 at 6¼.

" To which rulings and refusals to rule the defendants except ; and pray that their exceptions may be allowed."

The judge disallowed the bill of exceptions, and made the fol-lowing certificate of his reasons therefor :

" I have examined the foregoing bill of exceptions, and the original draft thereof, and have heard the parties in relation thereto. I found as a fact that both of the defendants were

liable to the plaintiffs to the extent, in quantity or number, of bricks named in the written order, a copy of which is annexed to the exceptions; that that number of bricks was delivered by the plaintiff; and that both the defendants waived the number and proportion of the kinds of bricks named in said order; and waived the kind taken in said order, as to the number of each kind therein mentioned; and waived the provision of said order as to place of delivery; and that more than one hundred and seventy-five thousand bricks had been delivered in pursuance of said order; and made the finding on file in the case against both defendants, for the value of the bricks, hard and light hard, (the whole number delivered not being in controversy,) in the same proportion for the 175,000 named in the order, as were the proportions in the number actually delivered. The foregoing bill of exceptions and the original draft do not, either or both of them, in my opinion, contain a full and complete and accurate statement of all the evidence in the case on which said findings were made, nor any statement of any exceptions taken by the defendants conformable to the fact; and I therefore disallow the same."

The defendants thereupon filed a petition in this court to establish the truth of their exceptions, which was referred to a commissioner, who made the following report:

" At the trial before the judge of the Superior Court, the defendants claimed, upon the offer in evidence of the paper dated December 7, 1874, signed by them, that the plaintiff could not maintain his action on the account annexed, but should have sued on this instrument. This objection was overruled by the judge, and exception was taken by the defendants.

" When all the evidence offered on both sides was in, the defendants claimed that there was no evidence to warrant a finding of any change or waiver of the terms of said instrument of December 7, 1874, as against said Child; and, upon the finding of the court, they claimed to have this point saved. The statement of the evidence as reported, with the bill of exceptions, is substantially correct, as far as it goes. There was, besides the evidence thus reported, evidence before the court tending to show that a quantity of hard bricks delivered by the plaintiff, and more than was called for by the instrument of December 7

1874, went into the houses in question; and that this was in compliance with a requirement of the inspector of buildings in the city of Boston, that more hard bricks should be used in the construction of said houses than was contemplated by the builder; and also that after the delivery of all the bricks stated in the account annexed to the writ, several calls were made by the plaintiff on said Child with that account, and a request for the payment of the balance then remaining due thereon made of him, and that no objection thereto was made by said Child on the ground that there was a change in the proportion of hard bricks delivered from that called for in said instrument of December 7, 1874. Nothing was said by him at these calls."

*T. E. Barry,* for the defendants.

*D. F. Crane,* for the plaintiff.

GRAY, C. J. The first exception cannot be sustained. The written agreement of the defendants was an original, and not a collateral promise; and the plaintiff, upon substantially performing the agreement on his part, with variations assented to by the defendants, might maintain this action on an account annexed.

The rest of the bill of exceptions was rightly disallowed by the presiding judge as not conformable to the truth. The report of the commissioner shows that, upon the question of waiver or variation of the terms of the written agreement, material evidence of the action of the inspector of buildings, and of the silence of one of the defendants when applied to for payment, was introduced at the trial, and not stated in the bill of exceptions presented to the judge.

Both parts of the case are covered by previous decisions. *Cullen* v. *Sears,* 112 Mass. 299. *Arvilla* v. *Spaulding,* 121 Mass. 505. *Exceptions overruled.*