### HELEN F. HORAN, petitioner.

Suffolk. November 15, 1910. — January 3, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions.

The judge of a trial court is right in refusing to allow a bill of exceptions which contains an erroneous statement, probably unintentional, that a certain exception was taken that was not taken, which contains a long report of evidence wholly unnecessary to a proper presentation of the legal questions raised and there-

fore irrelevant and objectionable, and which presents a picture of the case changed in color by the strong feeling of the excepting counsel in favor of his client.

The insertion in a bill of exceptions, alleged to have been taken at the trial of a libel for divorce, of a statement of testimony, which is irrelevant to the questions of law raised in the case, for the purpose of affecting the sympathies or feelings of the justices of this court and inclining them to a revision of the findings of fact made at the trial, is not legitimate.

The proof of a bill of exceptions before this court through the appointment of a commissioner is a remedy that sometimes may be necessary, but it is intended only for cases in which the excepting party, intelligently and in good faith but unsuccessfully, has attempted to obtain the allowance of a bill of exceptions which in general is a correct statement of the material questions raised by his exceptions made with due regard to the rights of the opposing party.

KNOWLTON, C. J. This is a petition to prove a bill of exceptions which was disallowed as not conformable to the truth. It appears by the commissioner's report that there was but one exception taken at the trial, and that another was afterwards taken to the consideration of certain evidence by the judge, which consideration he disclosed by his memorandum of his findings. Besides these two exceptions, the bill, as filed, set forth another as having been taken at the trial. In his certificate of disallowance the judge * said : " The bill does not make a truthful statement of the case, as the narrative throughout is distorted by the view which the counsel takes of the proper interpretation of the evidence. The only exception claimed at the trial relates to the exclusion of certain testimony of witnesses as to the reputation for truth and veracity and for chastity of the libellee Mrs. Horan. No extended statement of the evidence, in my judgment, is necessary to a truthful statement of this exception. Counsel for the libellee, however, desire to insert the substance of all the testimony offered in the case." The bill of exceptions is very long and the evidence is voluminous, the trial having occupied five days. There is no reason why everything necessary to present properly the question of law involved in the exception to the exclusion of a certain class of testimony, relating to the reputation of a witness, could not have been stated very briefly. The same is true of the facts bearing upon the other exception relative to the consideration by the judge of a certain writing, material to the issue, which was discovered upon

* *Wait*, J.

blotting paper, bound in as one of the interleaves in a hotel register that was put in evidence and taken away by the judge for examination at the close of the trial, he having heard the case under our practice, without a jury. This writing had not been discovered by counsel in their examination of the book.

The commissioner has indicated, by erasures and insertions throughout the evidence, what should be admitted and what added to make the report of the testimony an impartial statement of that which was presented at the trial. The report shows that the bill, as filed, was colored by the zeal of counsel to present the case in a form as favorable as possible to his client. The judge was plainly right in disallowing this bill of exceptions. In the first place, probably by an unintentional error on the part of the libellee's counsel, it stated that an exception was taken that was not taken. Next it contained a long report of evidence which was wholly unnecessary to a proper presentation of the legal questions raised, and was therefore irrelevant and objectionable. Such a statement of testimony, if made with a view to affect the court, through the sympathies or feelings of the justices, and to incline them to a revision of the findings of fact made at the trial, is not for a legitimate purpose. Thirdly, the picture of the case that it presented was changed in color, probably without deliberate purpose, by the strong feeling of the advocate for the client whom he represented.

It is the duty of counsel to present a bill of exceptions in such a form that the judge may properly allow it without injustice to the opposing party. If, through misunderstanding or mistake, a bill of exceptions needs amendment, as will often happen, it ought to be put in proper form, so that it can be allowed by the judge without jeopardizing the rights of any party. Proof of a bill of exceptions before this court through the appointment of a commissioner is a remedy that sometimes may be necessary; but it is intended only for cases in which the excepting party has attempted, intelligently and in good faith, but unsuccessfully, to obtain the allowance of a bill of exceptions which, in general, is a correct statement of the material questions, made with due regard to the rights of the opposing party. While this court has sometimes dealt liberally with parties who have made slight

unintentional errors, when afterwards they have asked to prove a bill of exceptions, it is important that the rights of parties having a verdict or finding in their favor should be protected, so that they may be saved unnecessary litigation and expense.

In the present case we are of opinion that the bill of exceptions presented to the judge was not conformable to the truth, within the meaning of the statute. It follows that it was rightly disallowed, and that the petition before us must be dismissed.

We reach this result with less regret than we should feel in a case where it was apparent upon the record, as it is not here, that there had been an error of law at the trial, and that a party would suffer from a wrong decision.

*Petition dismissed.*

*L. M. Friedman,* for the petitioner.
*J. E. McConnell,* for the respondent.