THOMAS MEEHAN, petitioner.

Suffolk.    January 13, 1911. — February 28, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Exceptions.

Under R. L. c. 173, § 110, a petition to this court to establish the truth of exceptions can be maintained only when the excepting party is aggrieved, and the grievance which the petition states must be a mistake of law or fact on the part of the judge or a neglect or failure to do his judicial duty properly. If the conduct of the judge was justifiable there is no grievance.

Upon a petition to prove a bill of exceptions it appeared that a period of more than five years elapsed between the filing of the bill of exceptions and the death of the judge who made the ruling in question, that a further period of nearly three years intervened between the death of that judge and a formal presentation of the bill of exceptions to the judge who disallowed it more than eight years after the exception was taken, that the disallowance was because the judge was unable

to find that it was conformable to the truth, and that in fact it was not conformable to the truth legally and technically and could not have been allowed properly without amendment. It further appeared that the judge who disallowed the exceptions had no knowledge of the case except from what appeared in the papers before him, which did not include a statement of all the evidence, and that the counsel for the defendant, in whose favor the ruling in question was made, had ceased to represent the defendant. *Held*, that, in dealing with the difficulties, which grew out of the failure of the excepting party to proceed with reasonable diligence to have his exceptions allowed, the judge was not called upon to institute measures of an extraordinary and unusual kind to find out what occurred at the trial and to give to the questions arising on the presentation of the bill of exceptions an amount of time and.labor that reasonably could not be spared from the other pressing duties of his office, and consequently that it did not appear that the petitioner had been aggrieved by the action of the judge.

When an excepting party fails to proceed with reasonable diligence to have his exceptions passed upon until it has become impracticable to establish the truth of a bill of exceptions to the reasonable satisfaction of the judge to whom it is presented for allowance, such excepting party must suffer the consequences of his delay.

KNOWLTON, C. J. This is a petition to establish the truth of a bill of exceptions. The exception to which the petition relates was taken at a trial before a jury on March 8, 1901.* The time for filing exceptions was extended, and the bill was filed on April 15, 1901. The ruling excepted to was made by Mr. Justice Maynard, and the bill not having been allowed and a hearing being thought necessary, letters passed, at long intervals, between the counsel for the plaintiff who filed the exceptions and the judge, relative to a time and place for the hearing. Various times and places were named by the judge in his letters, in every one of which he indicated a willingness to hear the plaintiff's counsel whenever and wherever the counsel chose to come to him. Seemingly because these times and places did not suit the convenience of counsel, no hearing was had before Mr. Justice Maynard until shortly before his death, which occurred in May, 1906. At this hearing or conference the counsel were unable to agree as to the statement of evidence in the bill, and the judge required the plaintiff to furnish a transcript of a certain portion of the stenographic report. This transcript was promptly

---

* The action was brought by Thomas Meehan against the city of Boston for personal injuries alleged to have been caused by an explosion of dynamite while the plaintiff was working as a day laborer in the street department of the defendant. *Maynard*, J., ordered a verdict for the defendant.

ordered by the plaintiff, but before a further hearing could be had Judge Maynard died.

After his death there was a hearing or conference before Mr. Justice Fox, at which it was arranged that other portions of the testimony should be procured before the exceptions were passed upon. Afterwards, on October 15, 1908, the plaintiff's counsel prepared a "bill of exceptions as revised," which was intended to be a more complete and accurate statement than that in the original bill, and at the same time filed a motion that his bill of exceptions be allowed in the revised form set forth in the draft then filed.

This revised bill was not accepted by the clerk for filing, but was handed to Mr. Justice Richardson, before whom the motion for allowance came up for hearing. The motion was denied by Mr. Justice Richardson, who handed down, with his ruling, the following memorandum: " The verdict in this case was rendered March 8, 1901. The plaintiff's bill of exceptions was filed — after extensions of time therefor — on April 15, 1901. Mr. Justice Maynard, who presided at the trial, died in May, 1906. The first effort by the plaintiff to get the exceptions allowed, so far as the record shows, was made to me in October, 1908, after the counsel for the defendant at the trial had left its service. The plaintiff now asks to have his exceptions allowed in a revised form, first presented in October, 1908. The ruling of the judge who presided at the trial was that, upon the evidence, the plaintiff was not entitled to recover. Neither the original bill nor the revised form of it contains a copy or statement of all the evidence. A stenographic report of two hundred and fifty-four pages of the testimony is presented, but I am not able to say that the bill of exceptions in either form is conformable to the truth, and I deny the motion."

This revised bill is not before us, and we have no definite knowledge of its contents. There is nothing to show that the judge was wrong in the order denying the motion.

On March 15, 1909, the plaintiff presented the bill of exceptions to Mr. Justice Richardson, who indorsed upon it the following certificate of disallowance: " Mr. Justice Maynard, who presided at the trial of this case, died on May 28, 1906. This bill of exceptions was first presented to me on March 13, 1909.

I am not able to say or find that it is conformable to the truth, and I disallow it."

The petition before us is to establish the truth of the original bill of exceptions. The commissioner has reported, not only the facts already stated, but facts, and a considerable portion of the evidence, relative to the contents of the bill. From the report it appears that this was not entirely conformable to the truth, and could not properly be allowed in the form in which it was originally presented. On the other hand, it seems to have been presented in good faith, as and for a correct and proper statement of the exception, and if there had been a hearing soon after the trial, before the judge who made the ruling, there is little doubt that amendments would have been made which would have rendered the bill conformable to the truth, and would have induced the allowance of it.

The contention of the petitioner's counsel that, if there is a correct statement of the formal exceptions themselves, the bill should be allowed, notwithstanding that there is no statement of facts or evidence sufficient to enable the court to understand the questions of law involved in the exceptions, is incorrect. The exceptions must be reduced to writing, under the R. L. c. 173, § 106, and unless the bill contains a statement of facts or evidence that will enable the court intelligently to understand the questions of law, it is not a proper bill.

The petition to the full court to establish the truth of exceptions, under the R. L. c. 173, § 110, can be maintained only when the excepting party is aggrieved by the disallowance, or the failure to sign and return the exceptions, or the alteration of some statement in them. The party is aggrieved, within the meaning of this section, only when the act or omission of the judge is erroneous. The grievance which the petition must state must be a mistake of law or fact on the part of the judge, or a neglect or failure properly to do his judicial duty. The petition is in the nature of an appeal to correct an error. If the conduct of the judge was justifiable, there is no grievance, and the party in whose favor the decision is should not be put to the trouble and expense of further litigation. *Horan, petitioner*, 207 Mass. 256. In the present case a period of more than five years elapsed between the filing of the bill of excep-

tions and the death of the judge who made the ruling. A period of nearly three years more intervened between his death and the presentation of the bill in a formal way before the judge who disallowed it. The disallowance was more than eight years after the exception was taken. It was disallowed because the judge was not able to find that it was conformable to the truth. Plainly it was not legally and technically conformable to the truth, and it could not properly have been allowed without amendment.

The question is whether the judge is shown to be wrong in his order. The substance of his finding is that the bill was not shown to be conformable to the truth. The judge had no knowledge of the case, except that which appeared in the papers. According to the previous certificate the counsel for the defendant had left its service. If it was possible for a judge at that time and under those conditions to be put in possession of the facts and evidence, so far as to suggest or allow amendments to the bill which would make it conformable to the truth, and if the bill was so close an approximation to a proper statement that it was amendable as of right, within the liberal doctrine of our cases, the question still remains whether the judge was in error in failing to allow the bill. In a hearing of this kind, in dealing with difficulties which grow out of the failure of the excepting party to proceed with reasonable diligence to have his exceptions allowed, the judge was not called upon to institute measures of an extraordinary and unusual kind to find out what occurred at the trial, and to give to the questions arising on the presentation of this bill of exceptions an amount of time and labor that could not reasonably be spared from the other pressing duties of his office.

It is true that the statute contemplates speedy action upon a bill of exceptions by the judge to whom they are presented. R. L. c. 173, § 107. But in recent years a practice has grown up, largely for the accommodation of counsel, whereby a long time sometimes elapses before the exceptions are finally passed upon. The eight years and more, that passed in this case after the exception was taken before it was disallowed, and the nearly ten years before the petition to establish the truth of the exceptions was ripe for argument in this court, illustrate the dangers and

abuses that are liable to result from a failure of an excepting party to proceed with reasonable diligence to have his exceptions passed upon. If, for such reasons as appear in this case, it becomes impracticable to establish the truth of a bill of exceptions to the reasonable satisfaction of the judge who considers it, the excepting party must suffer the consequences.

*Petition dismissed.*

*E. M. Brooks*, for the petitioner.
*P. Nichols*, for the respondent.