MONEYWEIGHT SCALE COMPANY, petitioner.

Essex.    November 8, 1916. — January 5, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Exceptions: petition to establish truth of.

The duty of a commissioner, appointed by the usual order to hear and report upon a petition to establish the truth of exceptions, is to examine the bill of exceptions filed and to determine upon all the evidence whether the exceptions there alleged were in fact saved, whether enough facts are stated to present the exceptions saved in their right perspective with reference to the issues tried and decided, whether the statement of the exceptions is uncolored and of sufficient brevity and whether otherwise it is true and fair. By RUGG, C. J.

Upon a petition to establish the truth of exceptions, although offers of the excepting party to make modifications in his bill in order that it may conform to the truth may be considered in some aspects of the inquiry, the bill actually filed must be the basis of the investigation.

The report of a commissioner appointed to report upon a petition to establish the truth of exceptions ought to show all the material facts in order that this court may be able to decide the ultimate inquiry whether the judge was right or wrong in disallowing the exceptions.

A commissioner appointed to report upon a petition to establish the truth of exceptions ought to consider the statements contained in the trial judge's certificate of disallowance. These statements are to be accepted as true unless they are rebutted and overcome by other evidence.

Upon a petition to establish the truth of exceptions, it appeared, from the report and a supplementary report of a commissioner and the certificate of the trial judge considered together, that the bill of exceptions disallowed by the judge contained allegations of four exceptions, that as to one of the alleged exceptions the allegations of the bill were untrue, that as to two others they were unfair, and that the allegations of the bill were true and fair as to only one of the exceptions alleged, that the judge informed the counsel for the petitioner that, unless the alleged exception which was not saved was omitted and the bill was otherwise changed, he should disallow it, that the petitioner thereafter informed the judge "that he purposed to prove his exceptions unless they were allowed with the exception in controversy included," and that the judge disallowed the exceptions. *Held,* that, although the judge had the power to separate the part of the bill of exceptions which should be allowed and to allow that part, yet he was not bound to do this in the face of the demand by the excepting party that the bill of exceptions should be allowed or disallowed as a whole, and that accordingly the petition to establish the truth of the exceptions should be dismissed.

A trial judge in passing upon a bill of exceptions presented to him for allowance has the power to alter statements in the bill of exceptions as tendered or to

disallow a part which does not belong there in order to make the bill conform to the truth, and, where the part that ought not to be included is easily separable from that which is set forth rightly, the judge may strike out what ought to be omitted and allow the rest.

PETITION to allow the truth of exceptions, filed in this court on December 4, 1915, by the Moneyweight Scale Company, a corporation organized under the laws of the State of Illinois and having a usual place of business in Boston, which was the plaintiff in an action brought by it against Clara E. St. Cyr of Peabody to recover the purchase price of a computing scale alleged to have been sold and delivered to the defendant under a contract of conditional sale, which case was tried in the Superior Court before *Hamilton*, J., where the jury returned a verdict for the defendant, and a bill of exceptions presented by the plaintiff was disallowed by the judge.

A commissioner was appointed, who filed a report, and thereafter on November 10, 1916, an order was made by this court that the case be recommitted to the commissioner "for the purpose of annexing the certificate of the trial judge disallowing the exceptions, and reporting the material facts as to the conduct of the petitioner from the time of filing until the disallowance of the exceptions."

On November 15, 1916, the commissioner filed a supplementary report, annexing thereto the judge's certificate of disallowance.

The material portions of the judge's certificate of disallowance and of the statements of the commissioner contained in his supplementary report are quoted or described in the opinion.

*F. G. Bauer*, (*J. M. Fowler* with him,) for the petitioner.

*S. H. Donnell*, for the respondent.

RUGG, C. J. This is a petition to establish the truth of exceptions disallowed by a judge of the Superior Court. The matter was referred to a commissioner. His report is somewhat irregular. The duty of the commissioner under the usual order of appointment is to examine the bill of exceptions actually filed, and to determine upon all the evidence whether the exceptions there alleged were in fact saved, whether enough facts are stated to present the exceptions saved in their right perspective with reference to the issues tried and decided, whether the statement of the exceptions is uncolored and of sufficient brevity and whether

otherwise it is true and fair. The bill actually filed must be the basis of the investigation, although offers by the excepting party to make modifications in order that it may conform to the truth may be considered in some aspects of the inquiry. The commissioner's report ought to show all the material facts in order that this court may be able to decide the ultimate inquiry whether the judge was right or wrong in disallowing the exceptions. This court does not delegate to the commissioner the duty vested in it by the law of deciding that crucial question. *Cullen* v. *Sears*, 112 Mass. 299, 306.

The commissioner is charged with a delicate and important duty in reviewing the action of the trial judge. The judge is presumed not to be present at the hearings and the commissioner must in his absence ascertain the facts in part through the evidence of other persons. But he has a right and ought to consider the statements contained in the certificate of the judge. *Commonwealth* v. *Joslin*, 158 Mass. 482, 484. These statements are to be treated as true in the first instance and, unless rebutted, explained or overcome by other evidence, will stand.

The commissioner's report in the case at bar simply states that, after a hearing of the parties and their evidence, he "settled the exceptions of the said petitioner, as here follows, to be true." There follows a complete draft of a bill of exceptions, without statement of the points in controversy before him and without particular reference to the bill as filed. But by comparison of the draft made by the commissioner, with the bill as filed, and disallowed by the judge, it is apparent that the form of the exceptions as filed was followed by the commissioner, except that certain important additions were made to it and one alleged exception was omitted. The case was recommitted to the commissioner for the purpose of annexing a copy of the "certificate of the trial judge disallowing the exceptions and reporting the material facts as to the conduct of the petitioner from the time of filing until the disallowance of the exceptions." A report was made accordingly. No direct finding as to the truth of the facts stated in the judge's certificate is made.

Considering these two reports together, the facts may be gathered. The first report must be interpreted to mean that the commissioner has established what would be a fair and complete

statement of the exceptions actually taken, together with enough of the evidence to make them intelligible.  It states such a bill as the excepting party ought to have filed and the judge ought to have allowed.  Whether the bill actually filed differs in such material respects from this draft that it ought not to have been allowed is to be ascertained by a comparison of the two.  In connection with the circumstances that no finding is made in either report as to the facts set out in the judge's certificate and cognate matters, and that the judge's certificate is annexed to the second report without comment, the record must be construed as a whole to mean that all the pertinent facts are to be found in the two reports. and in the judge's certificate so far as that is not controlled by facts set forth in the two reports.  Upon these facts the question whether the exceptions are established must be decided by the full bench of this court, in which that jurisdiction is vested.  *Ela* v. *Cockshott*, 119 Mass. 416.  *Cullen* v. *Sears*, 112 Mass. 299.. The case will be treated on the facts revealed by both reports and the inferences therefrom, and on the certificate of the judge.

The petition avers that an amended bill of exceptions was agreed to by the adverse party, save as to a single exception, and presented to the judge before the bill was disallowed.  The commissioner does not pass upon this allegation and does not find this to be a. fact.  The case must be considered on the footing that it was not so presented.  But perhaps this factor is not of much consequence, for in any event "We have nothing to do with anything except the bill of exceptions" which was "actually and seasonably tendered to the judge" and which by the "petition he now seeks to establish."' *Morse* v. *Woodworth*, 155 Mass. 233, 241.  *Freedman, petitioner*, 222 Mass. 179.

The bill as originally filed set forth four exceptions.  An inspection of the report of the commissioner shows as to these alleged exceptions that one, as to the denial of a request for an instruction to the jury, was not saved; that another, as to evidence of an alleged alteration of the written order for purchase of the scale or fraudulent insertion therein of a wrong price, although saved, was. or might be rendered immaterial by the circumstance, not referred to in the bill, that a question submitted to the jury, whether the petitioner in the performance of its contract delivered to the defendant a scale of the kind described in their negotiations for pur-

chase, was answered in the negative; *Arvilla* v. *Spaulding*, 121 Mass. 505, 507; *Bigelow* v. *Sprague*, 140 Mass. 425, 428; that a third exception, as to the admission in evidence of a telephone conversation, was not truly presented because material circumstances in the evidence leading up to it were omitted; *Glidden* v. *Child*, 122 Mass. 433, 437; and that a fourth exception as to leaving to the jury the question of the reasonableness of the time within which the defendant notified the petitioner of her dissatisfaction with the scale delivered to her under the contract of sale, instead of ruling as matter of law that such notice was not given within a reasonable time, was fairly set forth. Briefly stated, of the four exceptions alleged in the bill, one was not saved, two were not set forth in such form as to be conformable to the truth, and only one was set forth fairly. The commissioner did not make these categorical findings, but an inspection of the exceptions originally filed and a comparison of these with the draft reported by the commissioner renders these conclusions inevitable.

The judge states in his certificate in substance that in July, 1915, he informed counsel for the petitioner that unless the alleged exception, which he believed was never saved, (and which the commissioner has found was not saved,) was eliminated and the bill otherwise changed, the bill would not be allowed, and that in the following November the counsel for the petitioner informed the judge "that he purposed to prove his exceptions unless they were allowed with the exception in controversy included," and that he as judge was given "the alternative of allowing a bill of exceptions that is both unfair and untruthful, or the disagreeable duty of disallowing them." It is manifest from the commissioner's report that the bill of exceptions filed was untrue as to one exception, unfair as to two exceptions and true as to only one.

Proceedings for the establishment of exceptions always have been regarded as "*strictissimi juris.*" *Priest* v. *Groton*, 103 Mass. 530, 536. *Bishop, petitioner*, 208 Mass. 405. *John Henry Co., petitioner*, 222 Mass. 182, and cases cited. This is a salutary and important rule, both because a judge is presumed to understand his rulings and to be fair in stating them, and because "the judge whose statements are to be contradicted is not a party to the petition and is not supposed to be present at the hearing of the proof." *Bottum* v. *Fogle*, 105 Mass. 42. His state-

ments in a certificate of disallowance are taken as *prima facie* true, though subject to be contradicted or controlled by other evidence at a hearing in his absence. *Sawyer* v. *Yale Iron Works*, 116 Mass. 424. The commissioner does not find the statement of fact in the certificate of the judge, to the effect that the petitioner undertook to present to him the alternative of allowing the bill as filed or disallowing it as a whole, was not true. He found no facts inconsistent with its truth. The circumstances that the counsel for the petitioner "were reasonably zealous and active in the attempt to bring about an agreement" with opposing counsel upon a draft of exceptions, which they might unite in asking to have allowed, or that finally they "presented to counsel for defendant an amended bill," with the result that it met their approval save as to the exception alleged which, as has been found, was not taken, are not incompatible with the verity of the certificate of the judge. The finding that on November 20 the judge "without waiting to receive evidence which at the conference of November 18 he had asked counsel for the plaintiff to submit to him in reference to the" disputed exception, which it has now been determined was not taken, wrote to counsel that "he would dispose of the exceptions at once," is not in conflict with the certificate of the judge, which was filed on November 29.

The petitioner has argued that the certificate of the judge is argumentative instead of being a recital of the facts. The statutory requirement is that the judge sign and file a "certificate" when disallowing exceptions. R. L. c. 173, § 107. This imports such a narration as may be necessary to make clear the substantive nature of his final action and the pertinent facts on which it rests. Such has been the common practice. See, for example, *Conway* v. *Callahan*, 121 Mass. 165; *Glidden* v. *Child*, 122 Mass. 433, 435; *Meehan, petitioner*, 208 Mass. 60, 62; *O'Brien* v. *Boston Elevated Railway*, 214 Mass. 277, 279. Of course it should be a judicially impartial statement and not an argument. So far as it might exceed its proper scope, it would be disregarded. The certificate of the judge is referred to expressly in *Whitcomb* v. *Williams*, 4 Pick. 228, 232, *Browne* v. *Hale*, 127 Mass. 158, 161, and *Purcell* v. *Boston, Halifax, & Prince Edward Island Steamship Line*, 151 Mass. 158, as an appropriate source of information as to facts. While the certificate of the judge in the case at bar is somewhat

long it cannot be said as matter of law to be irrelevant. Its statements as to the exception not saved and the necessity of further facts to render fair the other two saved but not disclosed by the exceptions in their right setting, are substantially as found by the commissioner. Moreover the nature of the certificate is a matter over which parties have no control and therefore the rights of the prevailing party ought not to be prejudiced by an error in its form. *Brown* v. *Hale,* 127 Mass. 158, 161. In any event it could not be disregarded.

The *prima facie* case made out by the judge's certificate is not controlled or contradicted by any other facts. It cannot be said that the bill of exceptions as filed, with its omissions and untruth, was one which ought to have been allowed. The judge was not bound to make a separation of what would, from that which could not, be allowed in face of the demand by the excepting party that it be allowed or disallowed as a whole. Such course would have been well within his power. A judge "should be very cautious in" holding that an entire bill should be disallowed. *O'Connell, petitioner,* 174 Mass. 253, 257. The alternative presented by the petitioner, as stated in the judge's certificate, of allowing or disallowing the bill as a whole, did not bind the authority of the judge. He has power to alter statements in the exceptions as tendered, or to disallow a part which has no proper place therein in order to make them conform to the truth. R. L. c. 173, § 110. When the part which ought not to be included is easily separable and distinguishable from that which rightly is set forth, he may strike out that which ought to be omitted and allow the rest. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 391. See *Clemens Electrical Manuf. Co.* v. *Walton,* 173 Mass. 286, 295. In the case at bar the judge had the option of allowing the single exception which was stated correctly in the bill as filed and disallowing the rest of the bill. But, although he might have done so, it can hardly be held on this record that he was required by law to do so. The case is governed by *O'Connell, petitioner,* 174 Mass. 253, 257, *Horan, petitioner,* 207 Mass. 256, and *Meehan, petitioner,* 208 Mass. 60.

*Petition dismissed.*