No. 3010       Northern       Middlesex, ss.
CIOFFI, p. p. a.       (Richard Abrams)
v. LOWELL       (Badger, Pratt, Doyle and Badger)
From the Third District Court of Eastern Middlesex—Stone, J.
Argued Nov. 17, 1941—Opinion filed Jan. 12, 1942

SULLIVAN, J. (Jones, P. J., and Wilson, J.)—By this action of tort, the plaintiff, a minor, through her father and next friend, seeks damages for personal injuries received by her on September 9, 1940.

The alleged injuries were received by the plaintiff on private land owned by the defendant's father, whose guest he was on a week-end in the latter's absence.

The evidence in this case is plainly set out and warranted by the trial judge's findings of fact and rulings of law in which it is shown the child plaintiff was but three years and two months old at the date of the accident, and was living with her parents in an adjoining cottage to that of the defendant's father without any fence separating the rear of both the premises upon which the plaintiff played; that the defendant's father saw Dorothy playing on his premises, offered no objection to her presence, though he frequently talked with her; that the defendant had never seen the child before; that the plaintiff was playing alone, though under the careful supervision of her mother and exercising the care which an ordinary child of her age would have exercised in the circumstances; that as the defendant came out of his back door he saw Dorothy playing about five or six feet in the rear of the right side of his automobile; that without giving further attention to her presence started his automobile and at once heard the child's scream; the car was immediately stopped after going about a half length; the defendant after getting out of his automobile found the child lying two feet from the right wheel after she was hit by the automobile; that the defendant was negligent in starting his automobile when a small child was playing where she had the right to be and so close to the automobile without paying further attention to her safety; that she was playing on the premises of the defendant's father with the

latter's implied invitation and that the defendant owed her duty of exercising ordinary care so as not to injure her.

It is the contention of the defendant that the plaintiff was a trespasser on his father's premises and that he is not liable because of such trespass. The trial judge has found on credible evidence that the child was not a trespasser but was on the premises by an implied invitation of the owner; that the latter had frequently seen the child there, had conversed with her; had made no protest to her, and because of the tender years permitted her to play at will. From the frequency of the plaintiffs visits, the finding that there was an implied invitation extended to her was warranted on the evidence. *Boutlier* v. *Malden*, 225 Mass. 479, 489.

Whether there was an implied invitation to use the premises which were not enclosed and were next door to that occupied by the plaintiff is a question of fact to have been deduced by the trial judge. *Holmes* v. *Drew*, 151 Mass. 578, 580.

As the defendant was leaving his father's house he saw Dorothy playing in the rear of his automobile but five or six feet to the right. He gave no further heed to her presence. Having noticed such child of tender years so close to his automobile it was incumbent on him to see that he did not injure or run over her. His failure to do so certainly was evidence of negligence. The trial court's refusal to grant the defendant's requests institutes no error of a prejudicial character. We have given careful consideration to the cases cited in the defendant's brief and they are to be distinguished by the facts. We cannot say that the finding for the plaintiff is plainly wrong and the report is to be dismissed.